## JESS HUMPHREY v. STATE.

No. A-1255.   Opinion Filed December 31, 1912.

(128 Pac. 742.)

1. **APPEAL—Prejudicial Error.** When upon appeal the record discloses facts sufficient to sustain a conviction or from which an acquittal could reasonably have resulted, it is essential that the record of the trial court be free from prejudicial errors of law.

2. **HOMICIDE—Instructions—Self-Defense.** An instruction which, logically construed, deprives the accused of the right of self-defense unless the danger which he contends he was defending against was real and actual and that it 'so appeared to the accused at the time, is erroneous.

3. **APPEAL—Harmless Error.** The doctrine of harmless error, so frequently invoked by this court in its endeavor to aid in the enforcement of all the criminal laws of the state, cannot be applied when the record discloses erroneous instructions reasonably calculated to prejudice the rights of the accused when viewed in the light of the facts deducible from the evidence submitted at the trial.

(Syllabus by the Court.)

*Appeal from District Court, Seminole County;*
*Tom D. McKeown, Judge.*

Jess Humphrey was convicted of murder, and brings error. Reversed and remanded.

*Blakeney, Maxey & Miley* and *Crump & Skinner,* for plaintiff in error.

*Smith C. Matson,* Asst. Atty. Gen., and *Jos. L. Hull,* Sp. Asst. Atty. Gen., for the State.

ARMSTRONG, J.   This is an appeal by Jess Humphrey, as plaintiff in error, against the state, defendant in error, from a judgment rendered in the district court of Seminole county imposing a sentence of four years in the penitentiary for conviction of manslaughter in the first degree.

The testimony on behalf of the state is sufficient to sustain a conviction for murder.   The testimony on behalf of the accused

would amply warrant an acquittal. The court in its instructions tells the jury that they cannot convict for murder because the accused had already been acquitted of that offense. The record before us does not disclose the facts upon which this instruction is based. The verdict of guilty by the jury establishes the fact that they followed the state's theory and not that of the accused. The issues being sharply drawn and the facts ample to justify a verdict upon either the theory of the state or that of the accused, it is essential that the instructions of the court in such case should be free from prejudicial error.

There is only one error assigned that we deem it necessary to discuss, as the others are based on contentions not likely to arise on another trial. The error in question is based on the following instruction of the court:

"In this case the defendant, Jesse Humphrey, in support of his plea of not guilty, claims as a justification of such homicide that he acted in self-defense of his person, and you are instructed that under the law, before a person can justify a killing upon the plea that he acted in self-defense, there must not only have existed at the time of the killing, reasonable ground to apprehend a design on the part of the deceased to either take the life of the defendant or to do him some great bodily injury, but in addition thereto it must reasonably have appeared to the defendant that there was at the time imminent danger of such design being carried out."

In this instruction the court clearly tells the jury that there must not only have existed at the time of the killing reasonable and actual grounds to apprehend a design on the part of the deceased to either take the life of the accused or do him great bodily injury, but that, based on such reasonable and actual grounds, it must have reasonably appeared to the accused that there was imminent danger of such design being carried out at the time of the difficulty. This could not have been understood by the jury to mean anything else than that there must have been reasonable, real, and actual grounds for apprehension existing, and not *apparent* grounds for such apprehension at the time of the difficulty. This court has repeatedly declared the law to be that it does not make any difference, so far as the rights of the accused on trial are concerned, whether the danger was real or apparent,

provided, always, that it must appear to the accused, viewing the circumstances from his standpoint as a reasonable person, that there were reasonable grounds for the apprehension; and this is true although it might turn out later that there was no real or actual danger. The gist of the accused's right is his good faith exercised as a reasonable person viewing the circumstances as they appeared to him at the time. In this instruction the court not only says that the ground of apprehension must be real, but in addition thereto that it must have so appeared to the accused. The effect of this instruction required the jury to find, before the accused was entitled to the right of self-defense: First, that the danger was real and actual; second, that it must have appeared real and actual to the accused at the time. The trial court evidently did not intend to place this burden upon the accused, but the effect of the instruction does so nevertheless. For a complete discussion of this question, see the case of *Frank B. Rogers v. State, ante,* 127 Pac. 365; also, *Price v. State,* 1 Okla. Cr. 358, 98 Pac. 447, and the authorities in these cases cited.

It is not every case that would be reversed when a similar instruction is included in the charge of the court, but such instructions should be avoided. When the issues are sharply drawn and the facts are sufficient to justify an acquittal or to sustain a conviction, such erroneous instructions cannot be held harmless. In the interest of justice we do not feel that this conviction should be affirmed. In the trial of criminal cases substantial justice is the end to be obtained, and it is essential that a fair and impartial trial be had and that the instructions of the court be free from errors such as are reasonably calculated to prejudice the substantial rights of the accused.

For the error indicated, the judgment is reversed, and the cause remanded, with direction to grant a new trial.

FURMAN, P. J., and DOYLE, J., concur.