## C. B. FOWLER v. STATE.

No. A-7677. Opinion Filed Feb. 28, 1931.
(296 Pac. 528.)

Herman S. Davis, for plaintiff in error.

J. Berry King, Atty. Gen., and J. H. Lawson, Asst. Atty. Gen., for the State.

CHAPPELL, J.   Plaintiff in error, hereinafter called defendant, was convicted in the district court of Kiowa county of the crime of manslaughter in the first degree, and his punishment fixed by the court at imprisonment in the state penitentiary for a period of 20 years.

The evidence of the state was that the deceased, Lovard Godfrey, who was a son-in-law of the defendant, had been separated from his wife; that on the evening of the homicide the defendant, with his daughter and others, had gone to the town of Roosevelt, in Kiowa county, and parked his car in the center of the street; that later the deceased parked his car near that of the defendant and a short time later approached defendant's car and entered into a conversation with his wife; that a controversy arose between them, and deceased reached through an open window in the car and seized his little daughter and took her over to his own car; that defendant followed deceased to deceased's car and fired one shot into his body; that after deceased had slumped to the ground or to the running board, defendant shot him the second time, at which time he fell to the ground, and defendant, after waiting for some little time, deliberately shot him again.

The evidence of the defendant was that as he came around the end of the car, the deceased took the child under his arm and went with his hand towards his pocket, and that he shot the deceased thinking he was reaching for a weapon. Defendant raises no question of the sufficiency of this evidence.

After setting out five alleged errors in his brief, defendant says:

"It will be seen from the foregoing assignment of errors that the sole question presented by this case depends upon the question of the correctness of the instructions, or the refusal to give certain special instructions."

The plea interposed was self-defense.

Instructions Nos. 10, 12, 13, and 13A were apparently copied from the case of Turner v. State, 4 Okla. Cr. 189, 111 Pac. 988, and No. 11 followed the case of McDaniel v. State, 8 Okla. Cr. 215, 127 Pac. 358. All of the instructions given by the court upon self-defense, except No. 10, have been approved in form or substance in Kent v. State, 8 Okla. Cr. 192, 126 Pac. 1040; Updike v. State, 9 Okla. Cr. 124, 130 Pac. 1107, 1110; Gransden v. State, 12 Okla. Cr. 425, 158 Pac. 157; Brantley v. State, 15 Okla. Cr. 6, 175 Pac. 51; Smith v. State, 20 Okla. Cr. 301, 202 Pac. 519; Rose v. State, 46 Okla. Cr. 274, 287 Pac. 751.

In Humphrey v. State, 8 Okla. Cr. 449, 128 Pac. 742, this court condemned instruction No. 10 as not being a correct statement of the law. This condemnation is not sound. The instruction did not require that the danger must be actual and imminent as there stated, but required only that it reasonably appear so to defendant. Before one may take human life in his claimed defense, the danger should appear to him from his standpoint as real and

imminent, and that is all the instruction required, and is all the instruction requires in the case at bar.

The instructions must be considered as a whole, and, when considered together, if they fairly and correctly state the law applicable to the case, they will be sufficient.

The special instructions requested by defendant and refused by the court are in principle covered by the general instructions.

The question of the sufficiency of the instructions and the action of the court in refusing to give special instructions must always be considered and determined by the facts in each case in which they arise. Anderson v. State, 8 Okla. Cr. 91, 126 Pac. 840, Ann. Cas. 1914C, 314.

Defendant contends that the punishment of 20 years is excessive. The evidence of the state set out in this opinion is a sufficient answer to this contention.

For the reasons stated, the cause is affirmed.

DAVENPORT, P. J., and EDWARDS, J., concur.