**MILWEE et al. v. ROSSI.**

No. 21250. Opinion Filed Sept. 27, 1932.

W. N. Redwine, for plaintiffs in error.

Gotcher & Bell (by Robert J. Bell), for defendant in error.

CULLISON, J. Plaintiff, Jim Rossi, instituted suit against Tal Milwee. the Milwee Drug Company and Clarence Sherill, defendants, seeking to recover from defendants for tearing down his dwelling house.

Plaintiff further pleaded that defendants, acting for themselves and as the agents of each other, entered upon his premises without authority and unlawfully tore down and demolished his dwelling house, and that said defendants, by themselves, their agents, and employees, carried away and removed large quantities of lumber, etc. Defendants answered by general denial, unverified. The jury found favorable to plaintiff, and defendants appealed to this court, and urge as error that the evidence offered by plaintiff was not sufficient to establish title to the property under consideration.

The record shows that plaintiff secured the property under consideration by deed on April 25, 1907, and continued to own the same up to the date the house was torn down by defendants. Defendants admit in their opening statement that such rights as they procured in said property, if any, were procured through plaintiff, Jim Rossi, which admits the ownership of plaintiff in and to said premises shortly prior to the date of the trial and confirms plaintiff's ownership of said property from the date he acquired title thereto (in 1907) up to January 1, 1929.

The court instructed the jury, in substance, that plaintiff had established his ownership of the premises and that defendants tore down the residence of plaintiff, and as a matter of law defendants are all liable.

Defendants contend that the questions passed upon in said instruction were controverted questions and should have been submitted to the jury.

In the case of Bardon v. Endejan, 128 Okla. 293, 262 P. 693, this court held:

"Possession being a fact continuous in its nature, when its existence is once shown, it will be presumed to continue until the contrary is proved."

From our examination of the record we find that the record fairly substantiates the instruction given and that the giving of said instruction was not error. Defendants seem to rely more upon the meagerness of proof of title produced by plaintiff than any substantial right of their own.

Defendants next contend that the court erred in overruling the separate demurrer of the Milwee Drug Company to plaintiff's evidence; and third, that the court erred in overruling the separate demurrer of Tal Milwee to plaintiff's evidence. These last two assignments will be considered together.

Plaintiff pleaded agency in his petition, alleging that each of the defendants acted as the agent of the other. Plaintiff's allegation of agency in his petition was not denied under oath. The only pleading filed by the three defendants was an answer in the form of general denial, unverified.

Under section 287, C. O. S. 1921 [O. S. 1931, sec. 220] where plaintiff pleads in his petition agency or any appointment of authority, the same shall be taken as true unless the denial be verified by the affidavit of the party, his agent, or attorney.

In the case at bar, plaintiff pleaded agency, and neither of the three defendants denied said agency under oath. Under the statute just quoted and the holdings of this court construing the same, the agency as pleaded by plaintiff became established when defendants failed to deny the same under oath. Knudson v. Fenimore, 69 Okla. 3, 169 P. 478.

When it was shown by the evidence one of the defendants had actually torn down the house, and he being the agent of the other defendants, liability therefor devolved upon all of the defendants. Under the pleadings in said cause the liability of one defendant becomes the liability of all the defendants, and the overruling of the demurrer as to defendant Tal Milwee and the Milwee Drug Company was proper. After consideration of the entire cause, we hold that no reversible error exists in the record. The judgment of the trial court is hereby affirmed.

Plaintiff requests that judgment be rendered upon the supersedeas bond filed in this cause. It is therefore ordered that the

plaintiff have and recover from Tal Milwee, the Milwee Drug Company, a corporation, Clarence Sherill, A. F. Halladay, and Iola Milwee, the sum of $210, with interest at 6 per cent. from October 16, 1929, and all costs in this action.

LESTER, C. J., and RILEY, HEFNER, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. CLARK, V. C. J., and ANDREWS, J., absent.

Note.—See under (1) 10 R. C. L. 872; R. C. L. Perm. Supp. p. 2770; R. C. L. Pocket Part, title "Evidence," § 15.