**ATCHLEY et al. v. McFADDEN.**

No. 25791. Nov. 10, 1936.

Rehearing Denied Dec. 8, 1936.

J. D. Lydick and Curtis P. Harris, for plaintiffs in error.

Baird & Jones and Sid White, for defendant in error.

WELCH, J.. This action was instituted in the district court of Oklahoma county by the defendant in error, Carrie Haines McFadden, to recover alleged damages for personal injuries. Hereinafter we will refer to the parties as they appeared in trial court.

Plaintiff bases her action upon an assault and battery alleged to have been committed upon the plaintiff's person by the defendant A. L. Atchley, by shooting and wounding the plaintiff. Judgment was had for the plaintiff against both defendants. The plaintiff alleged in her petition that, at the time the defendant A. L. Atchley shot her, he was employed by the defendant Wood & Company, a corporation, as a watchman on its premises, and that the act of the defendant A. L. Atchley in shooting the plaintiff was done for and on behalf of the defendant Wood & Company, a corporation, in the furtherance of and in the course of his employment, and was in the scope of his authority. To the plaintiff's petition, the defendants filed a joint answer which was unverified.

The first contention of the defendants on this appeal is that according to the plaintiff's testimony the plaintiff was retreating from the defendant Wood & Company's property at the time she was shot, and shooting her under such circumstances was beyond the scope of Atchley's authority; that their answer did not admit the agency of the defendant A. L. Atchley, for the defendant Wood & Company, a corporation, and therefore the trial court committed error in instructing the jury that under the state of the pleadings the acts of the defendant Atchley were also the acts of Wood & Company, a corporation. However, the answer contains an express admission that Atchley was

employed as watchman; the assistant manager of the company testifying as a witness that Atchley had been employed as an armed watchman for a year or more. There was no denial of agency or authority in either the pleadings or the proof. Without going into further details as to the defendant's answer at this time, we hold that this contention of the defendants is without merit. This court has previously held in a number of cases that, under section 220, C. O. S. 1921:

"A general allegation of authorized agency will be presumed to be an agency with full powers, legally conferred, and the failure to deny such allegation, under oath, is equivalent to an admission in the answer, and no further proof of the agent's authority is required." (Milwee et al. v. Rossi, 159 Okla. 120, 14 P. [2d] 688; Knudson v. Fenimore, 69 Okla. 3, 169 P. 478.)

Furthermore, the defendants A. L. Atchley and Wood & Company, a corporation, filed joint answer in this action, a joint motion for new trial, a joint petition in error and joint assignment of errors. It has been repeatedly held by this court that where several parties unite in one assignment of error, they will encounter defeat, unless the assignment is good as to all. If the errors affect the parties severally, and not jointly, the proper practice is for each party to assign errors. A review of the authorities on this question is found in Haley et al. v. Wyte et al., 169 Okla. 406, 38 P. (2d) 910. In the instant case, the assignment in error being joint and this particular assignment of error being one which affects the defendant Wood & Company, a corporation, alone, it is not in a position to assert it here.

The next assignment of error on behalf of the defendants is in regard to instructions numbered 6 and 7, given by the court. These instructions are as follows:

"No. 6. You are instructed that the defendant Wood & Company had a right to employ a watchman to guard its property and to prevent trespass on and the stealing of the same, and that the defendant Atchley, who was so employed, had the right to protect the property of his employer and to prevent the plaintiff from unlawfully taking the same, and had the right to use such force as was reasonably necessary, under the circumstances, to effectuate such purpose, but he did not have the right to assault her with a deadly weapon unless she was committing a felony or unless said assault was made in necessary defense as defined in these instructions."

"No. 7. The stealing of vegetables of a value of less than $20 is not a felony, but is petit larceny."

The defendants contend that these instructions are defective in that they do not adequately present the defendants' theory of the right of Atchley to prevent the commission of a felony; and, second, his right to make an arrest for a felony. The evidence upon the part of the plaintiff in this case was to the effect that she had come upon the property of the defendant Wood & Company, a corporation, to get some garbage thrown away by Wood & Company, which company was in the produce business, and that she had picked up a bunch of carrots from a garbage can, when the defendant Atchley grabbed her; that thereupon she turned to run and that he shot her. The defendant's testimony was to the effect that when he first saw the plaintiff, she was trying to break into a storage room on the property of the defendant Wood & Company; that the door on the room was locked, and that the plaintiff was in the act of prying off one of the boards of the storage room; that this room contained vegetables owned by the defendant Wood & Company, which vegetables in the room were not placed in the room to be thrown away, but were of value, and that after being placed there they were culled or repacked. If the defendants' testimony be taken as true, then the defendant Atchley would have had a right to use such force as was necessary, or apparently necessary to him, to have prevented the commission of the crime of burglary. Instruction No. 6 is, in substance, on this point correct. It informs the jury that the defendant Atchley had a right to prevent the plaintiff from committing a felony. It may be true that the instruction should have contained the legal definition of the felony—burglary—which appears to have been pleaded as a defense, and such failure might have constituted reversible error, had the evidence supported such defense. With regard to that, however, and the defendants' complaint as to the right of Atchley as a private individual to arrest the plaintiff, there was no error in the instructions in their failure to cover those points. The defendants in their answer do not allege that the defendant Atchley was attempting to make an arrest at the time of the shooting, but do allege that the shooting was done to prevent plaintiff from burglarizing the store room and from taking the life of A. L. Atchley. Furthermore, when the defendant Atchley was on the witness stand he stated that he told the plaintiff to get off of the defendant Wood & Company's premises, and that he

shot her to prevent her from stabbing him with a knife.

Although there is some evidence given by Atchley that plaintiff, when first discovered on the property, was attempting to commit second-degree burglary, it can scarcely be said that there is evidence reasonably tending to show a continued effort to commit such crime at the time of the shooting. The chief defense shown and supported by the evidence was self-defense, and it is our conclusion that any fault to be found in the above instructions as discussed did not result in prejudice to the defendants.

The defendants next complain of the following instruction:

"No. 8. You are instructed that one of the defenses in this cause, in justification of the alleged shooting of the plaintiff by the defendant Atchley, is that the same was done in self-defense. You are instructed that one unlawfully assaulted has the right to meet force with force, even to the extent of taking human life if the same be necessary, or apparently necessary to protect himself from death or great bodily harm. In this connection you are further instructed that it is incumbent upon the defendants to establish their defense in this behalf by a preponderance of the evidence that the alleged shooting of the plaintiff was done in self-defense as defined herein."

It is contended that the last above-quoted instruction directed the jurors to return a verdict against the defendants, unless they, the jurors, found that at the time of the shooting the firing of the shot was necessary or apparently necessary. Authorities are cited to the effect that the correct rule with reference to the plea of self-defense is that the danger must be apparent to the defendant rather than to the jurors, and that if there was danger reasonably apparent to the defendant, it is sufficient whether or not it so appears to the jury at the time of trial, or whether danger was actually present as viewed by the jurors (Price v. State, 1 Okla. Cr. 358, 98 P. 447; Floyd v. State, 5 Okla. Cr. 65, 113 P. 212; Rogers v. State, 8 Okla. Cr. 226, 127 P. 365; Humphrey v. State, 8 Okla. Cr. 449, 128 P. 742, and others to the same effect); and that the same rule is generally applied in civil cases. Taylor v. Franklin (Ky. App.) 270 S. W. 462; Robison v. LaForge (Wash.) 27 P. (2d) 585; Downey v. Duff (Ark.) 152 S. W. 1010, and others.

Plaintiff concedes the law to be as contended for by the defendants, but says that the instruction does not direct the jurors that the danger must be apparent to them; that the expression therein, "be necessary or apparently necessary to protect himself from death or great bodily harm," refers to the defendant in the third person and cannot be properly construed as directing the jurors that the danger must be apparent to them. We think the construction placed upon the instruction by plaintiff is the more logical one and the one most probably adopted by the jurors. It is most certain that the instruction does not unequivocally direct the jurors that the danger must be apparent to them. The most that can be said critical of same in that respect is that it did not fully instruct to whom the danger must be apparent, and if that be true, the same could only be said to be incomplete and it might be said that it could have been more specific in that regard. We do not feel that the instruction as given was void of an essential element so as to render it an affirmative direction to the jury, contrary to the proper rule of law.

Although formal exception was saved to the instruction, the trial court's attention was not in any manner called specifically to the alleged vice therein; no requested instructions were offered to correct the supposed evil. We think the rule announced in the 5th paragraph of the syllabus in International News Service v. News Publishing Co., 118 Okla. 113, 247 P. 87, is applicable. We here quote the same:

"It is a well-settled rule in this state that if the court's charge be not sufficiently full or sufficiently specific, it is the duty of the party who considers himself aggrieved thereby to request fuller or more specific instructions from the court, and if he fails so to do, there is no basis for an assignment of error to the giving of such instructions. The saving of exceptions thereto will not suffice, not being equivalent to a request for a fuller or more specific instruction. Missouri, O. & G. Ry. Co. v. Collins, 47 Okla. 761, 150 P. 142."

The instruction there given was upon the issue of fraud, and this court, after stating that same contained all of the essential elements of fraud, said:

"The criticism is that the instruction given should have set forth specifically that fraud was not actionable unless covering a misrepresentation of an existing or past fact, and not acts to be performed in the future. The representations of future acts to be performed were not material, and if in the opinion of counsel for plaintiff in error the instruction was likely to be misunderstood

by the jury, it was the duty of counsel for plaintiff in error to call the court's attention to the same and request an instruction embodying their theory."

And the same rule is discussed and applied in Chicago, R. I. & P. Ry. Co. v. Bradshaw, 122 Okla. 282, 254 P. 725.

The Supreme Court of North Carolina, in Saunders v. Gilbert, 38 L. R. A. (N. S.) 404, in dealing with a question almost identical ·with the one here presented, held the instruction sufficient in the absence of a request to clarify or make more specific. We quote the instruction there given:

"(1) If you find that Gilbert fired the shots towards the house through a reasonable apprehension that he was in danger of serious bodily harm from Saunders, or if he fired the shots, believing that a felony was about to be committed, then Gilbert would not be guilty of committing a trespass as charged in the complaint, and it would be the duty of the jury to answer the issue as to trespass, 'No.' Defendant excepted."

The language of that court in disposing of the question appears to us to be well chosen. We quote:

"* * * We will now address ourselves to the remaining point in the case—the validity of the judge's .charge upon the subject of forcible trespass and the right of self-defense. The charge was clear and sufficiently full, in the absence of requests for more specific instructions. If the defendant thought himself entitled to an instruction that 'a person exercising the right of self-defense may safely act upon appearances, or the facts and circumstances as they appeared to him at the time, if he entertained an honest belief in their existence,' he should have asked the judge to make his charge more definite in that respect, and having failed to do so, he cannot, after the verdict, complain. Simmons v. Davenport, 140 N. C. 407, 53 S. E. 225. He appeared, by his silence, to be content with the instructions, and we will not hear him speak now. The judge laid down a correct rule that the defendant must have had a reasonable apprehension that his own life or limb was in jeopardy, and the jury are to judge of the reasonableness of his fear, notwithstanding the other principle asserted. State v. Nash, 88 N. C. 618. Would a man of ordinary firmness, and similarly situated, have reasonably acted upon the assumption that he was about to receive serious bodily harm, and defended himself, giving him the benefit of his view of the circumstances at the time? In Nash's Case, Judge Ashe said: The court did not give the prisoner, in Scott's Case, 26 N. C. (4 Ired. L.) 409, 42 Am. Dec. 148, the benefit of the principle, for the reason that no such instruction had been asked in the court below; the judge concluding that the prisoner would have requested the instruction, if he had acted upon such belief.' This is a sufficient answer to defendant's exception for failure to give the instruction, the omission of which in the charge is not assigned as error. A defendant must not sleep upon his rights, but be vigilant; otherwise, the court may be betrayed into assuming that he had none, because he did not assert them."

It not being made to appear that the instruction as given would reasonably have misled the jury to the prejudice of the defendants' cause, depriving them of a statutory or constitutional right (Rose v. Cochran, 84 Okla. 148, 202 P. 1003), and the same, reasonably construed, having fairly instructed on the law of self-defense, although perhaps the same may have been more definite on the point discussed, we conclude that same is sufficient in the absence of a specific request to extend, clarify, or enlarge in this class of cases and under the record here.

The judgment is affirmed.

McNEILL, C. J., OSBORN, V. C. J., and CORN and GIBSON, JJ., concur. PHELPS, J., dissents. RILEY, BAYLESS, and BUSby, JJ., absent.