PIRTLE et al. v. WRIGHT, Ex'r, et al.

No. 28890.   Dec. 12, 1939.

Rehearing Denied April 9, 1940.

*101 P. 2d 625.*

J. A. Rinehart, of El Reno, and Allwyn W. Pirtle, of Houston, Tex., for plaintiffs in error.

Stuart & Ledbetter and Chas. B. Kelly, all of Oklahoma City, for defendants in error.

GIBSON, J.   This is an appeal from a judgment of the district court of Oklahoma county affirming the final decree of settlement and distribution rendered by the county court in the matter of the estate of Allie O. Pirtle, deceased. The parties on appeal will be referred to as plaintiffs and defendants, respectively.

Allie O. Pirtle died testate and without issue in said county in the year 1937. The plaintiffs and the defendant Mary E. Tankersley are her legatees.

Plaintiffs filed their protest and contest of said will after probate thereof pursuant to section 1110, O. S. 1931, 58 Okla. Stat. Ann. § 61, asserting that the testatrix was not competent to make a will, and objecting in certain particulars to the distribution of the estate thereunder.

The objections to distribution were based upon the following facts and circumstances:

In 1932, F. M. Pirtle, the husband of the said Allie O. Pirtle, died testate and without issue. Allie O. Pirtle was appointed executrix of his estate in due course by the county court of Okla-

homa county. The husband's will provided, in substance, that all the property standing in his name at the time of his death actually constituted jointly acquired property of himself and his wife, Allie O. Pirtle, and that one-half thereof belonged to Allie O. Pirtle and one-half to the testator. It was further provided that it was the testator's will that one-half of said property vest in his said wife and become her absolute property, and that the wife have the use and benefit during her lifetime of all income from the other one-half, and upon her death said one-half interest to be distributed to these plaintiffs.

During the course of the administration of the F. M. Pirtle estate, Allie O. Pirtle filed her election to take under the law of succession instead of taking under the will (sec. 1539, O. S. 1931, 84 Okla. Stat. Ann. § 44; § 1617; O. S. 1931, 84 Okla. Stat. Ann. § 213, 2d subd., 1st proviso). She continued on as such executrix, rendered her final account, and distributed the estate in due course under order of court, and the case was closed. The decree became final.

Plaintiffs now come into the county court as aforesaid in the estate of Allie O. Pirtle and as her legatees challenge her testamentary capacity; and as the heirs and devisees of F. M. Pirtle object to the distribution of said jointly acquired estate remaining at the death of Allie O. Pirtle except in accordance with the will of F. M. Pirtle.

In this behalf plaintiffs alleged and now assert that the action of Allie O. Pirtle in renouncing her husband's will and electing to take under the laws of descent and distribution, and continuing thereafter as executrix, was unlawful and in violation of her fiduciary duties toward these plaintiffs, and rendered the decree void on its face, thus legally to permit the devolution of the jointly acquired estate to be governed by the husband's will, giving to them one-half interest at the death of Allie O. Pirtle. And further, it is asserted that the will of Allie O. Pirtle, if allowed to stand, should be construed to dispose of only one-half of said estate remaining undisposed of at her death.

The adverse holding of the trial court on the above two questions are the only errors assigned for review. The testamentary capacity of Allie O. Pirtle is not questioned here.

But now a certain jurisdictional question arises which must be considered and disposed of. Though the parties do not call the matter to the attention of the court, it is our duty to take cognizance of the same.

Here a will purporting to devise and bequeath, without specific description, all the property of the testatrix has been duly admitted to probate. On final distribution of the property thereunder the plaintiffs lay claim to an undivided interest therein, basing said claim upon certain muniments of title or upon the statutes of descent and distribution. They say, in short, that they, not the testatrix, owned said interest. Though the will purports to devise all, the county court is asked to construe the same as passing but the one-half interest, and to enter its decree distributing one-half to the devisees and legatees, and one-half to plaintiffs as the owners thereof, not by virtue of the will, but by the terms of another will or by the statutes of descent aforesaid. The personal representative and the residuary legatee dispute said claim and raise the issue of ownership of said property.

The relief sought by plaintiffs is beyond the power of the county court to grant. In such case the court in probate must order distribution according to the terms of the will or to the assignees of the devisees and legatees. It may not determine title to or ownership of property upon asserted claims which are adverse to the estate. The Constitution does not invest the court with such power (secs. 12, 13, art. 7, Const.); and we have heretofore, in effect, so held. In re Kelly's Estate, 132 Okla. 21, 269 P. 282; American Surety Co. v. Wilson, 172 Okla. 107, 44 P. 2d 35. See, also, In re Haas' Estate (Cal.) 31 P. 893.

In such case distribution is always made subject to any adverse claims that may be outstanding against the property distributed. The will, if a valid testamentary document, passes only such title to the property therein devised as the testator possessed. Final distribution would serve merely to place the property in the hands of the devisees and legatees free from further control of the executor. Title is neither enlarged nor diminished by the decree.

By reason of the foregoing circumstances, we must hold that the district court did not err in affirming the decree of the county court denying the petition of the plaintiffs, and, on the grounds assigned above, must affirm the judgment.

BAYLESS, C. J., and OSBORN, CORN, HURST, and DAVISON, JJ., concur. WELCH, V. C. J., and RILEY, J., absent. DANNER, J., not participating.