Melvin ROACH, Mary Roach, Patsy Ann
Roach Ecker and Art Ecker, Plaintiffs
in Error,

v.

Wilfred D. ROACH, Defendant in Error.

No. 37175.

Supreme Court of Oklahoma.

Oct. 2, 1956.

T. Austin Gavin, Tulsa, for plaintiffs in error..

Chas. R. Gray, W. N. Palmer, Pawhuska, for defendant in error.

CARLILE, Justice.

The plaintiffs in error herein have elected to proceed upon the original record, which has not been transmitted to this court, as provided by Title 12, §§ 956 to 956.10, inclusive, and our reference herein to the pleadings and evidence is taken from an abstract or statement of the record as set forth in the briefs of the parties.

In November, 1954, Wilfred D. Roach, surviving husband of Agnes Roach, who died testate in Osage County, and whose estate was being probated therein, instituted this action in the District Court of Osage County against Melvin Roach, a son of the plaintiff and said Agnes Roach, and against Mary Roach, wife of Melvin Roach, Patsy Ann Roach Ecker, a married daughter of Melvin Roach, and Art Ecker, her husband, and sought a judgment decreeing the property described in plaintiff's petition to have been held in trust by Agnes Roach for the plaintiff, and for a decree establishing an alleged lost deed to the property, and quieting title thereto in the plaintiff. The petition recites that Floyd O. Yarbrough was the administrator of the estate of Agnes Roach, he having been appointed to succeed Wilfred D. Roach who was named as executor under the will of Agnes Roach.

The petition further alleges that on April 24, 1936 the plaintiff and his wife deemed it for their best interests that the plaintiff, without any consideration, should temporarily place the title to all the real estate which he owned, except his homestead, in the name of his wife, Agnes Roach, she to hold same in trust for plaintiff, and the property to be conveyed back to him at a later date; that on said date plaintiff delivered to his wife a warranty deed to all his said property, which deed was recorded in the office of the County Clerk on May 13, 1936; that the real estate described in said deed was the individual property of the plaintiff, a large portion of which he inherited and purchased, and Mrs. Roach had no title or interest therein.

The petition further alleged that a portion of such land was deeded to purchasers thereof, and that plaintiff and his wife signed the deeds, and other land was purchased and the title thereto placed in the name of the wife who was, likewise, to hold it in trust for plaintiff in the same manner as the original land.

Plaintiff further alleged that on October 1, 1946, pursuant to the oral agreement, the said Agnes Roach conveyed to plaintiff the real estate described in his petition, and in addition thereto certain other described real estate which was not included in the 1936 deed but owned by plaintiff, and further alleged that plaintiff neglected to place the 1946 deed of record, and he was now unable to locate it, although diligent search had been made for it. A copy of the alleged deed was attached to the petition and plaintiff alleged that he was entitled to have title to the described property quieted in him and to have defendants enjoined from setting up any title or interest in the real estate adverse to his rights and prayed judgment accordingly.

The defendants first filed a plea in abatement raising the question of the jurisdiction of the District Court while the real estate involved was in the jurisdiction of a County Court in the matter of the probate of the estate of Agnes Roach, deceased, which plea was overruled. A demurrer to the petition was also overruled but a portion of the motion to make petition more definite and certain was sustained and the

petition was amended to allege that the wife, Agnes Roach, believed the property would be protected against unwise sales or investments by placing the title in her name, and that plaintiff acquiesced upon the understanding that the property should remain his and be held in trust for him, which agreement was oral. The defendants filed an answer denying the allegations of the petition and specifically denied that the real estate was deeded to Agnes Roach under any restriction to reconvey the same to the husband, and further answered that the Statute of Limitation barred plaintiff from any recovery and pleaded an estoppel against the plaintiff by reason of his actions and conduct. The defendants further denied the jurisdiction of the District Court to adjudicate the question of ownership and title to the property which was then the subject of probate in the County Court.

Upon a trial of the issues the District Court found for the plaintiff and rendered judgment against the defendants, who bring this appeal.

The defendant in error will be referred to herein as plaintiff and the plaintiffs in error as defendants.

The first proposition stated and argued by plaintiffs in error is that the District Court of Osage County did not have jurisdiction of the case, and in support thereof attention is called to the fact that the probate proceedings in the estate of Agnes Roach was pending in the County Court at the time the present action was filed, and it is argued that the County Court had such original and exclusive jurisdiction to hear and determine the issue and question raised in the present action.

We do not agree that the County Court had jurisdiction to try and determine the question and issue of title to the real estate. Section 12, Article 7 of our State Constitution provides in part as follows:

"The County Court, co-extensive with the county, shall have original jurisdiction in all probate matters * * * provided that the County Court shall not have jurisdiction in

any action * * * or in any matter wherein the title or boundaries of land may be in dispute or called in question; * * *."

Fibikowski v. Fibikowski, 185 Okl. 520, 94 P.2d 921, 923, holds:

"A County Court in the exercise of its probate jurisdiction cannot determine questions of title. It may inquire if the estate has an interest in or title to real property, and if affirmatively answered may distribute such estate, but it cannot determine the quality of the title. The parties will be left to pursue their remedies in a proper form."

Pirtle v. Wright, 187 Okl. 77, 101 P.2d 625, 627, involved a question of the power of the County Court to adjudicate conflicting claims of title to property. We quote in part from the opinion as follows:

"Here a will purporting to devise and bequeath, without specific description, all the property of the testatrix, has been duly admitted to probate. On final distribution of the property thereunder the plaintiffs lay claim to an undivided interest therein, basing said claim upon certain muniments of title or upon the statutes of descent and distribution. They say, in short, that they, not the testatrix, owned said interest. Though the will purports to devise all, the county court is asked to construe the same as passing but the one-half interest, and to enter its decree distributing one-half to the devisees and legatees, and one-half to plaintiffs as the owners thereof, not by virtue of the will, but by the terms of another will or by the statutes of descent aforesaid. The personal representative and the residuary legatee dispute said claim and raise the issue of ownership of said property.

"The relief sought by plaintiffs is beyond the power of the county court to grant. In such case the court in probate must order distribution according to the terms of the will or to the as-

signees of the devisees and legatees. It may not determine title to or ownership of property upon asserted claims which are adverse to the estate. The Constitution does not invest the court with such power, secs. 12, 13, art. 7, Okl.St.Ann.Const.; and we have heretofore, in effect, so held. In re Kelly's Estate, 132 Okl. 21, 269 P. 282; American Surety Co. v. Wilson, 172 Okl. 107, 44 P.2d 35. See, also, In re Haas' Estate, 97 Cal. 232, 31 P. 893, 32 P. 327.

"In such case distribution is always made subject to any adverse claims that may be outstanding against the property distributed. The will, if a valid testamentary document, passes only such title to the property therein devised as the testator possessed. Final place the property in the hands of the devisees and legatees free from further control of the executor. Title is neither enlarged nor diminished by the decree.

"By reason of the foregoing circumstances, we must hold that the district court did not err in affirming the decree of the county court denying the petition of the plaintiffs, and, on the grounds assigned above, must affirm the judgment."

The plaintiffs in error, defendants below, chiefly rely upon the holding in In re Griffin's Estate, 199 Okl. 676, 189 P.2d 933, in support of their plea in abatement. We do not consider the holding in the Griffin Estate case to be applicable or controlling on the question of jurisdiction in the present case. As pointed out in the decision in that case the County Court was exercising its statutory and constitutional duty to distribute the estate and determine the heirs of the decedent, name the persons and parts to which each was entitled, and in doing so the court had jurisdiction to determine the source of the title. There was no denial or question there but what the land was part of the estate of the decedent. The Griffin estate opinion further

states that the provision of Section 12 of Article 7 of the Constitution relating to title or boundaries of land has reference to disputes between the heirs or representatives of the estate and third persons claiming adversely to the estate, and that no case was found holding that the County Court may not decide disputes as to title between those claiming as heirs or devisees of the decedent. In the present action the plaintiff was not claiming title to the land as an heir or devisee of the decedent, but was asserting title and individual ownership of the property adverse to the estate and the heirs and, therefore, plaintiff was required to litigate his claim of individual title to the property in the District Court. The fact that the plaintiff was a devisee or heir of the decedent did not affect his right to maintain the action. Under the issues presented in this case the District Court was vested with jurisdiction to hear and adjudicate the issues.

"The district court is a court of general jurisdiction, clothed with power and jurisdiction to determine title to real property." McKeehen v. James, 144 Okl. 101, 289 P. 732, 733.

The defendants presented the following as their second proposition:

"Under the applicable statutory law of this State all of the testimony was elicited from witnesses who were incompetent."

And the defendants say that the testimony in the case came from the plaintiff, the lawyer who purportedly drew the original deed and the missing deed of 1946, the Notary on the original deed and the scrivener of the 1936 deed. Counsel asserts that it is not understandable how the witnesses could testify with celerity and glibness concerning the details of the transaction which occurred many years previously. The demeanor and candor of a witness and his apparent knowledge of the facts about which he is testifying are matters which can be best appraised by the trial court, and its holding, based on the evidence in a case of equitable cognizance will not be

reversed unless shown to be against the clear weight of the evidence. Allen v. Allison, Okl.Sup., 290 P.2d 410. None of the testimony or an abstract or summary of the same is incorporated in the brief. Reference is made to Title 12, O.S.1951, § 384, which provides in part that no party to a civil action shall be allowed to testify in his own behalf in respect to any transaction or communication had personally with a deceased person, but its application or violation, if any, in the present case is not pointed out or established.

The case of Hill v. Hill, 202 Okl. 483, 215 P.2d 553, 554, is cited and holds:

"The burden is upon a plaintiff, seeking to have a conveyance of real estate, absolute in form, declared a mortgage or security for the payment of a debt, to establish the character of such instrument as a mortgage or as a conveyance for security only by clear, unequivocal and convincing evidence."

Under the record here we are unable to say that the evidence in the present action did not measure up to the standard under the rule therein announced.

In concluding their second proposition, defendants assert that the plaintiff was not a competent witness, and that the objection to his testimony, as well as to the testimony of others, should have been sustained. None of the evidence, nor an abstract thereof, is incorporated in the brief.

■ Polson v. Pirtle, 173 Okl. 594, 49 P.2d 531, holds:

"Where an appellant complains of the erroneous reception of evidence by the trial court, he must, in preparing his brief on appeal, comply with that portion of rule 10 of this court [12 O.S.A. c. 15, Appendix], which requires that he shall set out the testimony concerning the admission of which he complains, stating specifically his objections thereto."

The opinion in Liles v. Bigpond, 190 Okl. 112, 121 P.2d 596, 599, states:

"The action being one of purely equitable cognizance in which the right to trial by jury did not exist, the contention of the defendant relative to error in the admission of incompetent evidence requires but little consideration, since it has been held in such case it must be shown that the judgment rendered rests solely upon such incompetent evidence."

■ Their third proposition, as stated by defendants, is:

"Under the applicable statute of Oklahoma there was no basis for declaring the deed of 1936 inoperative and that the property covered thereby and other property was held in trust for plaintiff."

In support thereof defendants quote Section 136, Title 60, O.S.1951, which defines the requisite of a trust, and admit that under the decisions a resulting trust can be established by oral proof. The case of Fibikowski v. Fibikowski, 190 Okl. 152, 121 P.2d 304, cited by defendants, holds:

"A resulting trust may be established by parole evidence, but the law requires that the proof necessary to establish it should be of the most satisfactory kind. The onus of establishing a resulting trust rests upon him who seeks its enforcement and before a court of equity will be warranted in making a decree therefor, the evidence must be clear, unequivocal, and decisive."

The argument of defendants' counsel, as set forth in their brief herein, with respect to the lack of competent evidence to support the judgment and the opportunity for fraud thereunder, is logical but is not convincing as a matter of law, and we are unable to say or hold under the record presented that the finding and judgment of the District Court is not sustained by the uncontradicted evidence, or is contrary to law.

"'A plausible argument in the brief of the appellant unsupported by a prop-

er citation of authorities is not sufficient to overcome the presumption indulged in favor of the correctness of the judgment of the trial court.' " Polson v. Pirtle, supra.

"In an equitable action the presumption is in favor of the correctness of the finding of the trial court, and will not be set aside on appeal unless against the clear weight of the evidence." Fisher v. Pugh, Okl.Sup., 261 P.2d 181.

We conclude and hold that the judgment of the District Court is sustained by the evidence and the law, and the same is affirmed.

WILLIAMS, V. C. J., and WELCH, CORN, DAVISON, HALLEY, BLACKBIRD and JACKSON, JJ., concur.