**In the Matter of the ESTATE OF Ruby E. STEEN, Deceased.**

**Roberta Ann BLACKWELL, Appellant,**

**v.**

**J. Barry EPPERSON, Administrator with Will Annexed of the Estate of Ruby E. Steen, Deceased; and Beverly Jane Edwards, Appellees.**

**No. 76772.**

Court of Appeals of Oklahoma, Division No. 3.

March 3, 1992.

Certiorari Denied July 18, 1995.

**64**

Byron D. Todd, Margaret M. Perrault, Tulsa, for Appellant.

J. Barry Epperson, Janine H. Vanvalkenburgh, Tulsa, for Appellee Epperson.

M.M. McDougal, Tulsa, for Appellee Edwards.

## MEMORANDUM OPINION

HUNTER, Judge:

This is an appeal from an interlocutory order during the probate of the estate of Ruby E. Steen, Deceased, determining title and imposing a constructive trust upon a certain certificate of deposit and various bank accounts held in Appellant's name as surviving joint tenant and upon certain personal property in Appellant's possession.

Upon Ruby's death in 1989, her will was admitted to probate and Appellant, one of her three daughters, was appointed executrix of the estate. Appellant filed an inventory of the estate to which Appellee Beverly Jane Edwards, another of Ruby's daughters, objected on the ground that the certificate of deposit and bank accounts held by Appellant as surviving joint tenant and other personal property in Appellant's possession should have been included in the inventory of the estate. Appellant objected to the proceeding, alleging that the probate court was with-out jurisdiction to determine title to the property.

Upon hearing, the district court ruled that, (1) it had jurisdiction to determine title to the property and found that Appellant's name was added as surviving joint tenant to Ruby's certificate of deposit and bank accounts for convenience purposes only so that she could pay Ruby's household and funeral expenses, (2) certain items of personal property— namely Ruby's fox coat, sewing machine and Eastern Star ring in Appellant's possession were not lifetime gifts to her but were only borrowed, (3) the accounts and personal property were only held by Appellant in constructive trust and are part of the estate, and (4) Appellant is suspended as executrix of the estate. Appellee Epperson was subsequently appointed administrator with will annexed of Ruby's estate. Appellant now appeals the district court's judgment and imposition of the constructive trust.

■ Appellant alleges the district court, sitting in a probate proceeding, was without jurisdiction to determine title to the certificate of deposit, bank accounts and other personal property which Appellant claimed adversely to the estate. We agree.

■ Probate actions are strictly statutory and the district court in such proceedings has limited jurisdiction as prescribed by statute. *Lowrance v. Patton,* 710 P.2d 108 (Okl. 1985); *Bratton v. Owens,* 794 P.2d 423 (Okl. App.1990). Title 58 O.S. § 1 specifically sets forth the statutory powers and duties of the district court sitting in a probate matter which does include distribution of property of the estate, but does not empower the district court to determine title to property which is not part of the estate. It is well-settled and recognized by all parties to this appeal that a district court in a probate proceeding is without jurisdiction to determine title to property as between the administrator or heirs of the decedent and those claiming adversely to it, such as third persons. *Estate of Kizziar,* 554 P.2d 791 (Okl.1976); *Roach v. Roach,* 302 P.2d 121 (Okl.1956); *In re Griffin's Estate,* 199 Okl. 676, 189 P.2d 933 (1948); *Pirtle v. Wright,* 187 Okl. 77, 101 P.2d 625 (1939); *Taliaferro v. Reirdon,* 186 Okl. 603, 99 P.2d

522 (1940); *Fibikowski v. Fibikowski,* 185 Okl. 520 94 P.2d 921 (1939); *American Surety Co. of New York v. Wilson,* 172 Okl. 107, 44 P.2d 35 (1935); *In re Kelly's Estate,* 132 Okl. 21, 269 P. 282 (1928); *Bratton v. Owens,* supra; *Matter of Lindell's Death,* 573 P.2d 716 (Okl.App.1977). This long line of cases all stand for this proposition. To determine ownership of property as between the estate and a third party in a probate proceeding is fundamental error. *Estate of Kizziar, supra; Duke v. Nelson,* 536 P.2d 412 (Okl.App.1975).

Appellees argue that the district court was empowered to determine title to the property in this case because the dispute was between the administrator and heirs, and no third parties, relying predominantly on *Matter of Lindell's Death,* supra. In *Lindell,* the Court of Appeals held that the district court had jurisdiction to determine title to property solely for the reason that both parties were heirs. No petition for certiorari was filed in that case and it has not been given precedential authority. We note that *In re Griffin's Estate,* supra, also cited by Appellees, is clearly distinguishable. In that case, the district court's jurisdiction was upheld but the property in dispute was unquestionably part of the decedent's estate. None of the cases cited by Appellees are precedentially on point with the facts presented here. Appellees miss the point in their concentration upon the character of the parties rather than upon the true issue—the character of the property in dispute. The fact that this dispute involves the administrator and heirs of the estate does not in and of itself empower the district court to determine title to property outside of the estate. Although Appellant is an heir, she is not attempting to claim property of the estate, but is defending property adverse to the estate in her own right.

In *Pirtle v. Wright,* 101 P.2d at 627, the Supreme Court explained the limitations of the district court in a probate matter, and stated:

It may not determine title to or ownership of property upon asserted claims which are adverse to the estate.... The will, if a valid testamentary document, passes only such title to the property therein devised as the testator possessed.

We find the case of *In re Kelly's Estate,* supra, particularly on point and instructive to the facts presented here, wherein the Supreme Court stated:

"The administrator contends that the fund belonged to him individually, and not to the estate. This amounts to a claim adverse to the estate the same as though it were made by a stranger. The administrator had a right to own in his own right property separate and apart from that of the estate, and he is entitled to claim all the safeguards provided by law for its protection, the same as anyone else." 269 P. at 284.

The Supreme Court in *Kelly's Estate,* relied upon the following language from an earlier California case, *Shaw v. Palmer,* 65 Cal.App. 441, 224 P. 106, 110 (1924) wherein it was stated:

"The fact that the plaintiff was also a devisee under the will of the deceased does not alter the situation. As stated in the cases above cited, he was bound by the decree only in so far as he was an heir, a devisee, or a legatee. He certainly could not be bound by the decree in so far as it purported to distribute his separate property no more than could a third party or an entire stranger to the will of the deceased and the proceedings attending the administration of the estate could be bound thereby. Let it be supposed that the executor of the will of a deceased person should cause to be included in the inventory setting forth the property and other assets of the estate of the deceased with real or personal property of a person in no way connected with the deceased or her estate and not mentioned in the will, and that such property was distributed to the heirs according to the terms of the will. Could it be said that in such case such party would be bound by the decree of distribution so that he could not maintain an action for the recovery of such property against the heirs to whom the same had been distributed by the probate court? The questions answers itself."

At trial, the parties stipulated that the certificate of deposit and bank accounts were joint accounts in the names of Ruby E. Steen and Appellant. The certificate of deposit showed the account holder as "Ruby E. Steen or Roberta Ann Blackwell as joint tenants with right of survivorship". One bank account was termed a "joint tenancy account" and contained a provision on the signature card which Appellant and Ruby signed, in pertinent part as follows:

> "*As joint tenants with right of survivorship and not as tenants in common, the undersigned hereby apply for membership and for a savings account in the SOONER FEDERAL SAVINGS AND LOAN ASSOCIATION hereinafter called "Association", and for the issuance of evidence of membership in their names as such joint tenants. On the death of one, the survivor to take the entire interest in said savings account and become the absolute owner thereof.* Specimens of the signatures of the undersigned are shown below and the Association is hereby authorized to act without further inquiry in accordance with writings bearing any such signature; it being understood and agreed that any one of the undersigned who shall first act shall have power to act in all matters related to membership. You are authorized to accept checks and other instruments for credit to this account, whether payable to one or more of the parties and to supply any needed endorsement. . . ." (Emphasis ours.)

Another account was a joint checking account in the name of "Mrs. Ruby E. Steen or Roberta Ann Blackwell". It is unclear from the appellate record the names entitled on the checking account at Local America Bank of Tulsa, but we presume the evidence showed joint title created by a single instrument in compliance with Oklahoma's joint tenancy statute in 60 O.S.1981, § 74 because the parties stipulated that the bank accounts were jointly held and the district court specifically found Ruby added Appellant's name to this account as "joint tenant".

■ When a joint account is created by express words of joint tenancy and survivorship, the survivorship interest can be sustained by the joint tenancy statute and the surviving tenant gets legal title unless it was taken by him through fraud or by special agreement. *Alexander v. Alexander,* 538 P.2d 200 (Okl.1975). Upon the death of a joint tenant, the survivor takes the entire estate to the exclusion of heirs of the deceased. *Draughon v. Wright,* 200 Okl. 198, 191 P.2d 921 (1948).

■ As was explained in *Clovis v. Clovis,* 460 P.2d 878, 881–882 (Okl.1969):

> "Creation of a joint tenancy in property establishes a present estate in which both joint tenants are seised of the whole. Unity of time, title, interest and possession are requisites for creation, and the principal characteristic of the estate created is a right of survivorship * * * This right of survivorship does not pass anything from a deceased joint tenant to the survivor since, by the very nature of joint tenancy, title of the joint tenant who dies first terminates at death and vests eo instanti in the survivor. Both cotenants being seised of the whole, the survivor's estate simply is a continuation, or extension, of the surviving tenant's existing estate. A joint tenancy simply creates a present estate which, absent severance of the tenancy during life of both tenants, assures the surviving joint tenant absolute ownership of the whole subject matter of the joint tenancy. The argument a gift inter vivos was intended would result in destruction of the unities of title and interest."

■ The district court found Ruby added Appellant's name as "joint tenant" to the certificate of deposit and bank accounts "for convenience purposes only so that Roberta Ann Blackwell could pay the decedent's household expenses and funeral expenses", and that she was holding the accounts as well as the personal property in constructive trust for the heirs of the estate. In so finding, the district court relied upon cases in which there were no validly signed contracts showing joint tenancy in compliance with statute. Here, the certificate of deposit and bank accounts showed the creation of joint tenancy with right of survivorship in compliance with 60 O.S.1981 § 74. As such, there was a presumption that Appellant was the legal

owner of those accounts as her separate property outside of the estate. *Urban v. Jackson,* 434 P.2d 889 (Okl.1967); *Baker v. Baker,* 710 P.2d 129 (Okl.App.1985). As her presumptively separate property, the district court was without jurisdiction to delve further into title in this probate proceeding. *Roach v. Roach,* supra; *In re Kelly's Estate,* supra. Any evidence to rebut the presumption of joint tenancy created by the certificate of deposit and bank accounts could only be submitted in a separate proceeding brought in district court apart from probate matter. The district court erred in hearing evidence concerning title to these accounts, in determining title and in imposing the constructive trust thereon while sitting in the probate proceeding.

 We also find the district court likewise committed fundamental error in determining title to the items of personal property and by its imposition of a constructive trust to include these items which were in Appellant's possession in the estate for distribution. Possession of personal property is prima facie proof of ownership. *Dalton v. Bilbo,* 126 Okl. 139, 258 P. 274 (1927). A presumption of ownership of personalty is presumed from possession and continues until it is rebutted by evidence to the contrary. *Milwee v. Rossi,* 159 Okl. 120, 14 P.2d 688 (1932); *Matter of Burns' Estate,* 585 P.2d 1126 (Okl.App.1978). Again, any rebutting evidence was improperly heard in the probate proceeding where title to Appellant's separate property outside the estate could not be determined.

The district court's judgment finding this property to be assets of the estate and imposing a constructive trust is reversed for lack of jurisdiction and this matter is remanded for further proceedings consistent with this opinion.

REVERSED AND REMANDED.

CARL B. JONES, J., concurs.

HANSEN, V.C.J., concurs by reason of stare decisis.