## McNEAL et al. v. MOBERLY et al.

No. 20114.   Opinion Filed July 14, 1931.

John B. Johnson and Morse Garrett, for plaintiffs in error.

C. S. Walker, for defendants in error.

HEFNER, J.   On February 1, 1923, J. L. Morgan executed several notes and a real estate mortgage to M. G. Stone covering land in Tulsa county.  Stone sold and transferred the notes and mortgage to P. A. McNeal.  Thereafter, Morgan sold the mortgaged premises to D. D. Moberly.  Morgan defaulted in the payments on the notes, and on the 18th day of April, 1925, McNeal brought suit in the district court of Tulsa county against Morgan to foreclose the mortgage, in which action he made Stone and Moberly parties defendant.

Moberly was duly served with summons, but made no appearance.  No service was ever had upon either Stone or the mortgagor.  Stone, however, entered into a compromise with plaintiff and suit was dismissed as to him.  A judgment foreclosing the mortgage was entered and the mortgaged premises sold thereunder.

On the 13th day of May, 1927, Mrs. Moberly, who will hereafter be referred to as defendant, filed her petition to vacate the judgment on the ground that it was void upon its face.  The trial court sustained her contention and vacated the judgment.  Defendant contends that the judgment is void because no service was had on the mortgagor, and that the court was without jurisdiction to foreclose the mortgage without making him a party.  She concedes that she was the owner of the land and in possession thereof at the time suit was brought, and so alleges in her petition.  A mortgagor who has disposed of his equity of redemption is not a necessary party to a foreclosure action.  In the case of California Title Ins. & Trust Co. v. Muller (Cal.) 84 Pac. 453, the following rule is announced:

"A suit to foreclose a mortgage may be brought against a grantee of the mortgaged premises without joining the mortgagor."

In the case of Boatmen's Bank v. First Nat. Bank of Herington (Kan.) 79 Pac. 125, it is said:

"Where a mortgage is sought to be foreclosed as against a subsequent grantee, it is not error to proceed as against him without a revivor of the action as against a deceased maker of the mortgage and the notes secured thereby.  In such a case, the maker of the notes and the mortgage is not a necessary party to the action to foreclose, so far as the subsequent grantee is concerned."

The same rule is announced by the Supreme Court of Florida, Hinson v. Gammon, Ann. Cases, 1913A, 83.  It is there said:

"When mortgagors have transferred all their right and interest in the mortgaged property, they are not necessary parties to a suit to foreclose the mortgage."

Numerous cases are collected by the author and cited in the notes to this case sustaining the rule therein announced.  The mortgagor was not a necessary party to the foreclosure suit, and the judgment is not void for failure to make him a party.

It is further contended that the petition is insufficient to confer jurisdiction upon the court to render judgment of foreclosure against defendant.  The allegation as to her is as follows:

"Plaintiff further alleges and says that the defendant, Mrs. L. B. Tedford-Misener, is claiming some right, title, and interest in and to said property, the exact nature of which is unknown to this plaintiff, but that said interest, if any she have, this plaintiff alleges and says that it is subject to the interest and claims of this plaintiff in each of the causes of action herein, in said property, and that said defendant Mrs. L. B. Tedford-Misener should be required to enter her appearance in this cause and show what claim she is exerting."

The petition is defective.  It should have alleged that the mortgagor parted with his equity of redemption, and that defendant was the owner of the property, having acquired title through him.  It is, however, not so defective as to render a judgment based thereon void.  The allegation is sufficient to challenge a judicial inquiry as to the nature of the title held or claimed by

her, and therefore sufficient to support the judgment. Wagner v. Lucas, 79 Okla. 231, 193 Pac. 421. Defendant was properly served with summons. If she had a defense to the foreclosure action, it was her duty to appear and assert it. Having failed so to do, she cannot now complain. It must be assumed that the trial court found all facts necessary to authorize the judgment. Certainly, if the court found that the defendant was the owner of the land and acquired title through mortgagor, it had jurisdiction to foreclose the mortgage. If the facts existed as now pleaded by defendant, there can be no question as to the court's jurisdiction. It appears that personal judgment was rendered against defendant. This was probably inadvertently done. The judgment should be modified in that respect and vacated as to the personal judgment.

Judgment is reversed and cause remanded, with directions to modify the judgment as herein indicated, and to deny the petition to vacate.

LESTER, C. J., CLARK, V. C. J., and RILEY, CULLISON, SWINDALL, ANDREWS, and KORNEGAY, JJ., concur. McNEILL, J., disqualified.