[No. 30066.   Department One.   October 31, 1946.]

JOSEPH T. GRIFFIN *et al., Appellants,* v. PATTIE HART *et al.,*
*Respondents.*[1]

[1]Reported in 173 P. (2d) 780.

*Christ D. Lillions,* for appellants.

*Paul S. Dubuar,* for respondents.

MILLARD, C. J.—Plaintiffs instituted this action to recover possession of certain property in Seattle and for back rent claimed to be due thereon from defendants. Plaintiffs alleged that, in September, 1941, Pattie Hart entered upon the property upon a promise to purchase it for sixteen hundred dollars cash and that, shortly subsequent to March, 1942, the parties orally agreed that Pattie Hart would keep the premises as a tenant for twenty dollars a month. There is a further allegation to the effect that Pattie Hart is indebted to plaintiffs for rent in the amount of $849.50 to and including the month of December, 1945.

Pattie Hart by answer denied liability for rent and set forth affirmatively that plaintiffs had agreed to sell the property to her for fifteen hundred dollars, payable twenty-three dollars as the down payment October 8, 1941, seventy-seven dollars in forty days, and the remainder of the purchase price at twenty dollars per month. She further alleged that payments were made upon the purchase price and accepted by plaintiffs; that tenders, including a tender of the full unpaid balance, were later made to plaintiffs and refused; that, shortly after October 8, 1941, she took possession of the property and, with plaintiffs' knowledge, placed substantial improvements thereon at an expense in excess of one thousand dollars. She prayed for specific performance of the contract.

Trial of the cause to the court without a jury resulted in findings that Pattie Hart, individually, and as guardian of the persons and estates of certain minors, about October 8, 1941, entered into an oral agreement with plaintiffs for purchase from plaintiffs of certain real property in King county. Under the terms of that agreement, the purchase price was fifteen hundred dollars, payable twenty-three dollars the day the parties entered into the agreement, an additional sum of twenty-seven dollars October 9, 1941, and fifty dollars more within forty days. The remaining

balance was payable at the rate of twenty dollars or more monthly, including interest at the rate of six per centum per annum. Plaintiffs agreed to pay all taxes then against the property, and defendant Pattie Hart agreed to pay all future taxes. The agreement was partly oral and partly in a written instrument in which Mrs. Griffin acknowledged receipt of the payments itemized above.

Pattie Hart, under the terms of the agreement and with the consent of the plaintiffs, took possession of the property and commenced to make the necessary repairs and improvements upon the property so that same would be habitable. The latter part of 1941, or January, 1942, Pattie Hart moved onto the property, and at all times since shortly subsequent to October 8, 1941, she has had continuous possession of the property.

Following the down payment of twenty-three dollars upon the contract, Pattie Hart paid to plaintiffs upon the contract the following sums of money: twenty-seven dollars October 9, 1941; fifty dollars November 15, 1941; thirty dollars December 31, 1941; forty dollars February 27, 1942; and forty dollars March 5, 1942. All of the payments were made with the understanding that same were to be applied upon the monthly installments of twenty dollars due upon the contract.

October 23, 1942, one Morris Schwartz executed and delivered to his sister, Pattie Hart, a check in her favor in the amount of one hundred twenty-five dollars, which check Pattie Hart endorsed and delivered to plaintiffs for application upon the purchase price of the property. Plaintiffs objected to the check because of the notation on the back of the check to the effect that the same was a payment under the terms of the contract. Then, for the first time, plaintiffs claimed they were entitled to rent for the property. While plaintiffs refused to cash the check, they retained possesion of it up until the time of this action, when they produced it in court.

October 19, 1943, Pattie Hart tendered to plaintiffs two hundred fifty dollars in cash to apply upon the purchase price of the property in payment of past due installments

to that extent. The tender was refused by plaintiffs, who claimed they were entitled to rent. December 22, 1945, Pattie Hart tendered to plaintiffs sixteen hundred dollars in cash, which included balance due on purchase price with interest and the amount of taxes paid by plaintiffs on the property for the year 1942 and subsequent years. Plaintiffs were offered at that time any additional amount then due them. Plaintiffs refused to accept any amount upon the purchase price upon the property and refused to recognize any contract rights on the part of the defendants to purchase the property.

Upon entering into possession of the property, under the terms of the contract of October 8, 1941, and in reliance thereon, defendants made substantial, valuable, and permanent improvements upon the land and property all at an expense to Pattie Hart of more than five hundred dollars.

At all times since the tender was made of the balance of the purchase price due, defendants have been ready, willing, and able to pay any remaining balance upon the contract, and pursuant to interlocutory order of the court entered April 12, 1946, defendants deposited in the registry of the court $1,775 in cash, which is in excess of the amount due to the plaintiffs.

The court concluded that defendants were entitled to specific performance of the contract, and that plaintiffs should accept the tender of the balance due under the contract and execute a warranty deed to the above-described property to Pattie Hart, as grantee. Judgment in consonance with the foregoing was entered. Plaintiffs appealed.

By their pleadings and admissions in open court during the trial, the parties appealed to the equity powers of the court, waived all objections to the power of the court to enter a decree of specific performance and, in effect, converted this action, which was commenced as an unlawful detainer action, into a suit in equity.

The trial court saw the witnesses, heard them testify, observed their conduct and demeanor while testifying, and weighed their interest and motives and the probabilities of the truthfulness of their testimony. It follows that the

findings of the trial court will not be disturbed by us unless we can say such findings are clearly not supported by the weight of the evidence. *Bradley v. Donovan-Pattison Realty Co.,* 84 Wash. 654, 147 Pac. 421.

It would serve no useful purpose to recite the testimony of the parties and witnesses in this case. We have carefully read the entire record. The findings of the trial court are clearly supported by the weight of the evidence. The contract was oral except for the writing by which respondents acknowledged the purchase price was fifteen hundred dollars, which included taxes paid to October 8, 1941, and that twenty-three dollars was accepted as a deposit on the purchase price. That receipt further recites that twenty-seven dollars would be due October 9, 1941, and fifty dollars more within forty days. Respondents took possession under that contract, made the payments recited above, and established their right to specific performance of contract.

The contention of appellants that respondents should have paid the money into court in payment of the balance due on the purchase price of the property when this action was commenced, is without substantial merit. There is some authority to the effect that money admitted to be due should be brought into court, but ordinarily it is unnecessary for the purchaser to bring the purchase money into court

". . . on filing the bill, and an offer of payment in the bill is sufficient. It is sufficient if the money is paid in when the court so directs." 58 C. J. 1149, § 463.

At law a tender must be kept good by payment into court, but that rule does not obtain in equity. A willingness to pay is sufficient. Respondents satisfied the rule by paying the money into the registry of the court when directed by the court so to do. See *Murray v. O'Brien,* 56 Wash. 361, 105 Pac. 840; *Dare v. Mt. Vernon Inv. Co.,* 121 Wash. 117, 208 Pac. 609.

Nor do we find substantial merit in appellants' claim of laches. Any delay on the part of respondents in seeking

specific performance did not operate to the damage or prejudice of appellants. The money paid into court for appellants includes interest at the rate of six per cent per annum up to the date of the judgment, which fully compensated appellants for the delay. Appellants never respected the terms of their contract. They refused to accept from respondents payment thereunder. Respondents were in possession at all times. Appellants never tendered a deed. Respondents were under no obligation to commence an action under the circumstances.

The doctrine of laches is applicable to appellants as well as respondents. The appellants did not endeavor to enforce such rights as they subsequently thought they had. They permitted time to elapse and respondents did not commence an action.

The purchaser under a contract has a right to stay in possession irrespective of failure to pay until a notice of forfeiture has been given. The doctrine of laches may not be invoked against the respondents in the case at bar.

The judgment is affirmed.

ROBINSON, JEFFERS, MALLERY, and SCHWELLENBACH, JJ., concur.

December 10, 1946. Petition for rehearing denied.