**Ellis KIRBY, Plaintiff in Error,**

v.

**AGRA GIN COMPANY, Inc., a corp., Defendant in Error.**

**No. 38479.**

Supreme Court of Oklahoma.

Nov. 3, 1959.

Rehearing Denied Dec. 1, 1959.

P. D. Erwin, Chandler, Dies, Anderson & Dies, Lufkin, Tex., for plaintiff in error.

Dudley Dudley & Dudley, by Paul Dudley, Oklahoma City, Milton C. Craig, Chandler, for defendant in error.

HALLEY, Justice.

On the 25th of March, 1944, the Agra Gin Company, Inc., filed suit against Mary K. Kirby, Ellis Kirby and the unknown heirs, executors, administrators and assigns, both immediate and remote of L. E. Kirby, deceased, to have the title to an interest in land conveyed to plaintiffs. Parties will be referred to as in the trial court. The plaintiff sought to obtain service on the defendants by publication. An affidavit to obtain service by publication was filed which affidavit was signed by the attorney for the plaintiff but was never sworn to by this lawyer, although there was a jurat attached to be sworn to before the deputy Court Clerk. The affidavit of mailing of petition and notice was made. There was a proper proof of publication and notice by publication. An attorney was appointed for the defendants under the Soldiers' and Sailors' Civil Relief Act, 50 U.S.C.A.Appendix, § 501 et seq., on November 18, 1944, and an answer was filed by him for the defendants. On November 25, 1944, a default judgment was taken against the defendants by the plaintiff ordering the defendants to convey the land in question to plaintiff and if they did not do so the sheriff of Lincoln County, Oklahoma, was to do so.

On January 22, 1958, Ellis Kirby filed in the same case a petition to quash publication notice and to vacate judgment. Proper notice was given to the gin company. On the 27th of June, 1958, after a hearing, the District Judge of Lincoln County, refused to vacate the judgment of November 25, 1944, and the defendant Ellis Kirby has appealed.

The defendant has raised seven propositions on his appeal. We shall discuss them in the order presented.

■ Number one is: "The District Court had no jurisdiction of the action to enforce specific performance of an alleged contract of a deceased person." 58 O.S. 1951 § 506 provides:

"If, upon hearing in the county court, as hereinbefore provided, the right of the petitioner to have a specific performance of the contract is found to be doubtful, the court must dismiss the petition without prejudice to the rights of the petitioner, who may, at any time within six months thereafter, proceed in the district court to enforce a specific performance hereof."

The contract here was not in writing. We think this question was settled in Cone v. Blair, 125 Okl. 270, 257 P. 782, when we held under the foregoing section that a county court was without authority to order the executor or administrator to convey real estate belonging to the estate of a deceased unless the contract for said conveyance was in writing.

■ We are in accord with the defendants' second proposition that a void judgment may be vacated by a direct attack. The question is "Was the judgment void on its face of the judgment roll?" This will be discussed further on in this opinion.

■ As to defendants' third contention that the judgment of November 25, 1944, was void because taken within less than ten days after the appointment of the attorney we cannot agree. The notice by publication provided that defendants must answer the petition on or before the 11th day of May, 1944. No authority is cited which says that the judgment could not be taken within ten days of the appointment of the attorney if after the answer day provided in the notice by publication.

■ The defendants' fourth proposition that the petition did not state a cause of action is not well taken because it did contain sufficient allegations to challenge judicial inquiry and, if bad, could have been cured by amendment. That is all that is required under our holdings in McNeal v. Moberly, 150 Okl. 253, 1 P.2d 707 and Great American Insurance Co. v. Keswater, 131 Okl. 196, 268 P. 258.

**226**

The fifth proposition of defendants that the cause of action for specific performance was barred by the statute of limitations is not maintainable because the statute of limitations is an affirmative defense and ordinarily must be pleaded. This was not done. Straub v. Swaim, Okl., 296 P.2d 147. In this case the purchaser was in possession and had done all that he was required to do under the oral contract. Under such circumstances it could delay suit for specific performance indefinitely without being guilty of laches. See Griffin v. Hart, 26 Wash.2d 304, 173 P.2d 780; Ware v. Hall, 116 Okl. 70, 243 P. 740 and 81 C.J.S. Specific Performance § 117, sub. par. 3.

The same is true as to the sixth contention that the statute of frauds must apply here. The statute of frauds was not pleaded either. There was complete performance of the oral contract except the execution of the deed by the deceased Kirby. We held in Adams v. White, 40 Okl. 535, 139 P. 514, that an oral contract of sale of land was not invalid under the statute of frauds where there was part payment and the vendee took possession in good faith.

The defendants' seventh proposition is not sustainable even though the judgment is not in entire accord with the petition. Yet the petition could have been amended to conform to the proof if it had been challenged.

As we see it the real question in this appeal is whether the fact that the jurat on the affidavit for publication was not completed, made it impossible to take a valid judgment in the trial court. There is no contention here that publication was not a proper method of service in this case. The defendants were non-residents. It was not contended that the notice by publication was not mailed to the defendants as provided by statute. Neither was it maintained that the notice was not received. The defendants had three years to open up the judgment under Title 12 O.S.1951 § 176. This was not done.

There was no intimation of fraud in the taking of the judgment in question.

We think that the failure to swear to the affidavit for publication does not vitiate the judgment in this case since service by publication was proper. No doubt the failure to swear to the affidavit was an oversight. We will not set this judgment aside because the judgment was not void upon the face of the judgment roll. We are cognizant of the fact that there is some similarity between the case at bar and Westbrook v. Dierks, Okl., 292 P.2d 172, but the fact remains that in that case it was established that service by publication was not proper because some of the defendants were residents of Oklahoma and it was charged that this fact was known to the attorneys representing Dierks.

The judgment of the trial court is affirmed.

DAVISON, C. J., WILLIAMS, V. C. J., and JOHNSON, BLACKBIRD and BERRY, JJ., concur.

WELCH and JACKSON, JJ., concur in result.

IRWIN, J., dissents.