Isaiah DUKE and Walton James Duke, Appellants,

v.

Sam D. NELSON et al., Appellees.

No. 47229.

Court of Appeals of Oklahoma, Division No. 1.

April 29, 1975.

Released for Publication by Order of Court of Appeals May 22, 1975.

Carloss Wadlington, Ada, for appellants.

James L. Clark and John B. Axton, Coalgate, for appellees.

ROMANG, Presiding Judge:

This appeal is from an order sustaining a demurrer to the petition and dismissing the action.

May Keel, a resident of Coal County, Oklahoma, died on July 18, 1973. The probate of her estate was commenced in the District Court of Coal County, and co-administrators were appointed.

The case here on appeal is a separate action that was also filed in the District Court of Coal County. Plaintiffs, Isaiah Duke and Walton James Duke, are nephews of May Keel, and the defendants are her other heirs and the co-administrators of her estate.

The instant case seeks specific performance of an alleged oral agreement by May Keel to give or devise certain of her property to the plaintiffs, and in the alternative, plaintiffs seek to establish a partnership or joint adventure as to certain property as between themselves and May Keel, and durther seek liquidation of the alleged partnership or joint adventure.

█ Defendants' demurrer to the petition, and the sustaining of it, were on the grounds that plaintiffs' petition shows on its face that there is another action pending between the same parties for the same cause, and that the District Court of Coal County has jurisdiction of the parties and the subject matter in the other proceeding which is the probate proceeding. In this regard, 12 O.S.1971, § 267 provides:

"The defendant may demur to the petition only when it appears on its face, either:

. . . . . .

"Third. That there is another action pending between the same parties for the same cause."

However, contrary to the ruling of District Court of Coal County, the petition did not show on its face that there was another action pending between the same parties for the same cause, and therefore, the demurrer should have been overruled. Dean v. Storm, 47 Okl. 358, 148 P. 732 (1915).

█ There is a second and more important question raised in this appeal, which is whether the instant proceeding for equitable relief could have been filed and decided within the confines of the other case, the probate proceeding, and/or whether the instant action could have been consolidated with the probate proceeding for hearing and decision. The answer in either instance is in the negative for reasons we hereinafter point out.

The new Judicial Article became effective on January 13, 1969, and thus established one trial court, the District Court, with "unlimited original jurisdiction of all justiciable matters, except as otherwise provided" by Article 7 of the Oklahoma Constitution, which further reads:

"(d) The District Judge and Associate District Judges shall exercise all jurisdiction in the District Court except as otherwise provided by law."

20 O.S.1971, § 91.1 provides:

"The District Courts of the State of Oklahoma are the successors to the jurisdiction of all other courts, including the Superior Courts, the County Courts, . . ."

The new Judicial Article did not abolish nor alter the distinction between various types of court actions whether established by common law or statutes. Probate proceedings are strictly statutory. The purview of probate proceedings in Oklahoma will be the same in the District Court as they were in the County Court unless changed by statute.

In Re Hart's Estate, 51 Cal.2d 819, 337 P.2d 73 (1959), holds as follows:

"It is well established in this state that the superior court sitting in the exercise of its probate jurisdiction is without power to determine adverse claims to the properties of an estate in the course of administration when asserted by· a 'stranger to the estate' as in the present case. The proper manner of litigating such a question of title is in the superior court in the exercise of its general jurisdiction, . . ."

In McReynolds v. McReynolds, 147 Mont. 476, 414 P.2d 531 (1966), the opinion reads:

". . . . It is well settled in this state that a district court sitting in probate is without power to try title between an estate and a person claiming adversely to it. (Citations omitted.) What was said in In re Dolenty's Estate, 53 Mont. 33, 43, 161 P. 524, 529, applies equally here:

" 'A district court sitting in probate has only the special and limited powers conferred by statute, and has no power to hear and determine any matters other than those which come within the purview of the statute or which are implied as necessary to a complete exercise of those expressly conferred.' "

In Re Griffin's Estate, 199 Okl. 676, 189 P.2d 933 (1948), states as follows:

"It is well settled that the county court in the exercise of its probate jurisdiction is without authority to try title to property as between the administrator or heirs of decedent and third persons."

In Kirby v. Agra Gin Co., 347 P.2d 223 (Okl.1959), the court syllabus reads:

"Under 58 O.S.1951 § 506, a county court is without authority to order an executor or administrator to convey real estate belonging to the estate of the deceased unless the contract for said conveyance is in writing and could be enforced against the decedent, if living."

The law as pronounced in *Griffin* and *Kirby*, supra, applies equally to the District Court sitting in the exercise of its probate jurisdiction as it did to the County Court.

The instant case for equitable relief must be filed and tried as a separate and distinct action from the probate proceeding.

The order sustaining the demurrer to the petition is hereby reversed; plaintiffs' petition is hereby reinstated; and this case is remanded for trial on its merits.

Reversed and remanded.

REYNOLDS and BOX, JJ., concur.