In the Matter of the ESTATE of
General KIZZIAR, Deceased.

No. 48156.

Supreme Court of Oklahoma.

Sept. 14, 1976.

Prudence Little, Little, Little, Little &
Windel, Madill, for appellant, Pinkie Lasiter.

Ed Dudley, Madill, for appellees, John
H. Jones, Administrator of Estate of General Kizziar, Frances Kizziar, LaTrelle
Becker, Gene Dene Jella (now deceased),
Determined heirs of the deceased, Frederick D. Jella, Distributee of the interest of
Gene Dene Jella, deceased.

LAVENDER, Justice.

General Kizziar died intestate April 21,
1973. The probate of his estate was commenced in the District Court of Marshall
County. The deceased left surviving a
widow and two daughters. They were
subsequently determined in the final decree
to be his sole heirs. A sister, Pinkie Lasiter, is the appellant and third party claimant (appellant or third party).

John H. Jones was appointed administrator of the estate (Jones or administrator).
He was also vice-president of the Madill
National Bank (bank). For some time
prior to his death, the deceased did his
banking through Jones at that bank.
Jones, as administrator, filed an inventory
of the estate in the probate proceedings.
This included certificates of deposit issued
by the bank and, at the time of the deceased's death, were in his lock box at the

bank. These twelve certificates of deposit on their face total $45,100. Generally they are issued in three ways. The depositors are shown as either (1) the deceased "and or Pinkie Lasiter, as joint tenants;" (2) "Pinkie Lasiter and"[1] one of the daughters "as joint tenants;" or (3) "Pinkie Lasiter (special)."[2] The certificates of deposit are shown to be payable to (1) "either or survivor" (of the depositors); (2) "either" (of the depositors); or (3) "same" (as the depositor).

Appellant, joined by the daughters, through an attorney filed an objection to the inventory based on ownership by the joint tenants or the appellant alone. Attorneys for the estate and for the claimants agreed the ownership of the certificates of deposit could be heard at the hearing on the final account and petition for distribution. The probate court determined "there's no question about anything except the ownership of certain certificates of deposit." Evidence was then taken as to circumstances surrounding the certificates of deposit. The probate court in the final decree made findings of fact as to the ownership of the certificates of deposit. Their ownership was determined to be in the estate. They were distributed to the deceased's heirs.[3] Third party, Pinkie Lasiter, through a motion for a new trial and her petition-in-error, here, objected to jurisdiction of the probate court on grounds of lack of proper notice under the probate proceeding.

■ "The question of jurisdiction is primary and fundamental in every case, and must be inquired into and answered by this court both as to its own jurisdiction as well as to the jurisdiction of the court from which the appeal is taken, whether raised by a party or not." *Hayhurst v. Hayhurst,* Okl., 421 P.2d 257 (1966). We hold the probate court did not have jurisdiction to determine ownership of the certificates of deposit here. To determine ownership of property as between the estate and a third party in a probate proceeding is fundamental error. *Duke v. Nelson,* Okl.App., 536 P.2d 412 (1975).

■ *Duke, supra,* discusses the new Judicial Article of the Oklahoma Constitution, Const. Art. 7, and 20 O.S.1971 § 91.1. The opinion reads, in part:

"The new Judicial Article did not abolish nor alter the distinction between various types of court actions whether established by common law or statutes. Probate proceedings are strictly statutory. The purview of probate proceedings in Oklahoma will be the same in the District Court as they were in the County Court unless changed by statute."

There, a case in equity seeking specific performance of an oral agreement was sought to be determined in a probate proceeding. The decision required a separate and distinct action from the probate proceeding. It cites *In Re Hart's Estate,* 51 Cal.2d 819, 337 P.2d 73 (1959); *McReynolds v. McReynolds,* 147 Mont. 476, 414 P.2d 531 (1966); *In Re Griffin's Estate,* 199 Okl. 676, 189 P.2d 933 (1948); and *Kirby v. Agra Gin Co.,* Okl., 347 P.2d 223 (1959). The two Oklahoma cases involved title to real property. *In Re Hart's Estate, supra,* spoke of property in the possession of the deceased at time of death. This included government bonds. That court did not allow a court sitting in its probate jurisdiction to determine adverse claims to the properties of an estate assert-

---

1. Some of the certificates of deposit made to Pinkie Lasiter and one of the daughters as joint tenants read "and" between the names of the two joint tenants; others read "and or" between the names of the two joint tenants.

2. One of the two certificates of deposit did not place the word "Special" in parenthesis.

3. One of the daughters died subsequent to the deceased here but prior to the final decree and distribution of her share of the estate was made to her distributee, a Frederick D. Jella.

ed by a stranger to the estate in the course of administration. It also said:

> "It is well to note here that the appellant, although not a 'person interested' in the estate until he obtained his independent judgment, was not required to stand by while the assets involved were dissipated in the administration of the estate of Irene. As pointed out *in Re Estate of Dabney*, 37 Cal.2d [672], at page 682, 234 P.2d [962], at page 969: ' "Courts of equity will interfere in the administration of estates where the powers of the courts of probate and their modes of procedure preclude them from doing complete justice. \* \* \*" (Citations.) It is not proper on this appeal to consider what form the equitable relief, if any be merited, could or should take. We must here presume that the equity court could afford appellants any relief to which they showed themselves entitled. \* \* \*' "

We do not pass here on the merits as to the issue of ownership, or what form the equitable relief, if any be merited, could or should take. The face of the certificates of deposit show no interest by the estate, but legal title in a surviving joint tenant, named joint tenants, or a third party alone. *Peyton v. McCaslin*, Okl., 417 P.2d 316 (1966) reads:

> "When the circumstances surrounding the acquisition of money by a surviving joint tenant in a joint bank account are such as to indicate that the beneficial interest in the money is not to go with the surviving joint tenant's legal title, and that a third person may have a valid beneficial interest in said money, equity will be invoked to ascertain the status of the subject of the dispute and the relative rights of the contendors therefor."

A joint tenancy estate, the same as other estates in property, could be subject to constructive trusts and possibly other equitable principles. That would be an action of equitable cognizance not to be determined in a probate proceeding. *Duke, supra.* "In performing its duty to 'name the persons and the proportions or parts to which each shall be entitled', in the final decree as provided in 58 O.S.1941 § 632, it is within the probate jurisdiction of the county court (district court) to determine the source of title, where material, in a contest between those claiming as heirs of the decedent." *In Re Griffin's Estate, supra.* (Explanation added.) Here the contest originated between the estate and some of the heirs (the daughters) joined with a third party, who was not an heir (the sister). The appeal is between this third party (appellant) and the estate including the heirs as determined in the final decree (the widow and two daughters) (appellees).[4]

The order of the probate court dated December 10, 1974, and filed December 16, 1974, is modified so as to delete any findings, determination of ownership, and distribution of the certificates of deposit. No determination of ownership by the probate court shall be binding on the third party claimant of the certificates of deposit. Any presently outstanding order of the probate court, if any, discharging the representative of the estate is set aside.

Final decree modified and cause remanded.

DAVISON, IRWIN, BERRY, BARNES and SIMMS, JJ., concur.

WILLIAMS, C. J., and DOOLIN, J., dissent.

---

4. See n. 3, supra.