In the Matter of the Judicial Determination of the DEATH of E. Marie LINDELL, Joint Tenant.

June Elaine HICKS, Appellant,

v.

Allen H. LINDELL, Appellee.

No. 50686.

Court of Appeals of Oklahoma, Division No. 2.

Dec. 6, 1977.

Released for Publication by Order of Court of Appeals Dec. 29, 1977.

Shutler, Baker, Simpson & Logsdon, Kingfisher, for appellant.

Douglas Loudenback, Ellis, Frates & Shotts, Oklahoma City, for appellee.

BACON, Judge.

This appeal involves the issue of whether the trial court erred in quieting title to a certain tract of land in an action filed to judicially determine the death of a joint tenant. The issue has arisen from a factual situation wherein the surviving joint tenant of a general warranty deed filed suit to judicially determine the death of the deceased joint tenant and an answer and cross-petition was filed by the original grantor wherein the trial court was asked to establish a resulting trust and quiet title to the property in the cross-petitioner.

The facts of the case are rather short. The record reflects that on July 7, 1949, Allen H. Lindell and E. Marie Lindell, husband and wife, purchased the surface to 160 acres of real estate located in Logan County, Oklahoma. These parties continued to own the quarter section of land until the early 1960's when they conveyed two separate five-acre tracts from said quarter sec-

tion. The record further reflects that the said Allen H. Lindell was fearful of losing his property to creditors. Lindell's banker, one Mr. Carmichael, prepared a general warranty deed whereby Mr. Lindell, along with his wife E. Marie Lindell, executed the general warranty deed to E. Marie Lindell and June Elaine Hicks, mother and daughter, as joint tenants. This deed was recorded by the grantors in Logan County, Oklahoma, on June 17, 1969. The grantors continued to remain in possession of the property at all times.

The record further reflects that in June of 1969 Allen H. Lindell was sued by a creditor and that after several months the case was dismissed for want of prosecution.

On December 11, 1974, E. Marie Lindell died as a result of injuries sustained in an automobile accident. She died intestate and left no estate upon which administration proceedings could have been held.

On March 1, 1976, appellant June Elaine Hicks filed a petition in the District Court of Logan County, Oklahoma, to judicially determine the death of E. Marie Lindell and to terminate the joint tenancy. Appellee herein filed his answer and cross-petition denying that his daughter was the true owner of the property and asked the court to determine appellant merely held legal title in trust for appellee and that appellee's title be quieted. The case was tried to the court without jury, resulting in the trial court's finding in favor of appellee on his answer and cross-petition and quieting the title in the name of appellee. Appellant is now challenging the decision of the trial court under two propositions, the first of which reads as follows:

"In a probate procedure, a trial court is without jurisdiction to settle any dispute where a controversy over the rightful ownership of the property is involved."

In this regard appellant argues that the action as originally brought by appellant was under 58 O.S.1971 § 911 to judicially determine the death and terminate the joint tenancy of E. Marie Lindell.

The law in Oklahoma relating to the issues to be decided in this case appears to be somewhat in conflict. That is to say, each party in this appeal cites cases which seem to support his or her respective positions. We will therefore attempt a logical discussion of the cases cited by each party hereto and the respective arguments.

Appellant relies primarily on the cases of *Jones v. Tautfest*, 206 Okl. 380, 243 P.2d 1003 (1952); *Duke v. Nelson*, Okl.App., 536 P.2d 412 (1975); and *Estate of Kizziar*, Okl., 554 P.2d 791 (1976). Appellee, on the other hand, relies upon *In re Griffin's Estate*, 199 Okl. 676, 189 P.2d 933 (1948); and *Matter of Woodward*, Okl., 549 P.2d 1207 (1976). *Jones*, *Duke*, and *Kizziar*, cited by appellant, appear to stand for the proposition that title cannot be determined by the trial court in either a probate proceeding or an action to judicially determine the death of a joint tenant. *Woodward* and *Griffin*, cited by appellee, seem to stand for the proposition that a determination of title can be made by the trial court in a probate proceeding or a proceeding to judicially determine the death of a joint tenant.

In *Jones v. Tautfest, supra*, the court held:

"Assuming that there was a controversy over the rightful ownership of the property . . . the probate court was not the proper tribunal nor was a determination of death the proper action in which to settle such a dispute.

"58 O.S.1951 § 911, in part, provides for notice to be given to 'all persons claiming any right, title or interest in or to the real estate' which is the subject of a determination action. It provides further that upon hearing the evidence and proof of death, the probate court 'shall make and enter an order and decree determining the fact of the death of such . . . joint tenant . . . and the termination of the . . . joint tenancy.'"

In *Duke v. Nelson, supra*, there was a probate of a decedent's estate pending in the District Court of Coal County and a second action was filed in the District Court of Coal County seeking specific performance of an alleged oral contract made by the decedent. The trial court sustained a demurrer to the petition seeking specific performance of the alleged oral agreement and the matter was appealed. On appeal the trial court was reversed, with the appellate court holding that the suit for specific performance of the alleged oral agreement must be filed and tried as a separate and distinct action from the probate proceeding. The appellate court in *Duke* noted that under the new "Judicial Article" that became effective on January 13, 1969, one trial court was established, to wit, the District Court which had, according to article 7, section 7(a) of the Oklahoma Constitution, "unlimited jurisdiction of all justiciable matters, except as otherwise provided" by article 7, section 8(d) of the Oklahoma Constitution, which provides: "The District Judges and Associate District Judges shall exercise all jurisdiction in the District Court except as otherwise provided by law." Title 20 O.S.1971 § 91.1 further provides:

"The District Courts of the State of Oklahoma are the successors to the jurisdiction of all other courts, including the Superior Courts, the County Courts . . . ."

The *Duke* court went on to hold:

"The new Judicial Article did not abolish nor alter the distinction between various types of court actions whether established by common law or statutes. Probate proceedings are strictly statutory. The purview of the probate proceedings in Oklahoma will be the same in the District Court as they were in the County Court unless changed by statute."

The court in *Duke* further cited a California case and two Montana cases wherein it was held that the district courts sitting as probate courts in those states had limited powers and could not determine any matters other than those conferred by statute. The court then cited *In re Griffin's Estate, supra*, which stated:

"It is well settled that the county court in the exercise of its probate jurisdiction is without authority to try title to property as between the administrator or heirs of decedent and third persons."

The *Duke* court then concluded that the suit seeking specific performance of an alleged oral agreement must be filed and tried as a separate and distinct action from the probate proceeding.

Then on April 27, 1976, the case of *Matter of Woodward, supra,* was handed down. In *Woodward* a petition was filed seeking a judicial determination of death and termination of a joint tenancy. A cross-petition was filed to set aside the joint tenancy deed on the grounds of fraud, undue influence, and lack of mental capacity. The trial court tried the matter, and rendered a judgment for plaintiff which terminated the joint tenancy, and found against defendants on their cross-petition. The supreme court affirmed the trial court and no mention is made in the opinion relative to the trial court's power to determine title to property in an action to judicially determine the death of a joint tenant.

Then on September 14, 1976, *Estate of Kizziar, supra,* was handed down. In *Kizziar* the decedent died intestate and an administration proceeding was filed. The decedent had several certificates of deposit at the time of his death which were in joint tenancy ownership with other persons. When the inventory was filed by the administrator in the intestacy proceeding, certain surviving joint tenants filed an objection to the inventory based on their ownership and the court went on to determine title to the joint tenancy certificates of deposit. On appeal the supreme court modified the judgment of the trial court to:

". . . delete any findings, determination of ownership, and distribution of the certificates of deposit. No determination of ownership by the probate court shall be binding on the third party claimant of the certificates of deposit."

The court in *Kizziar* relied upon and quoted *Duke v. Nelson, supra,* where it was held that a court sitting in its probate jurisdiction cannot be allowed to determine adverse claims to the properties of an estate asserted by a stranger to the estate in the course of administration. The court also alluded to *In re Griffin's Estate, supra,* and in speaking of *Griffin* said:

"Here the contest originated between the estate and some of the heirs . . . joined ,with a third party, who was not an heir . . . .. The appeal is between this third party . . . and the estate including the heirs as determined in the final decree . . . ."

Thus, in *Kizziar,* since one of the parties involved in the cross-petition was not an heir, the court could not determine title to the property, unlike the facts in *Griffin.*

From the foregoing it appears that title to property cannot be determined in a probate proceeding unless all parties involved are heirs, notwithstanding the fact that in *Woodward,* such a determination was permitted without comment. We do not know whether the issue was mentioned in *Woodward* because the parties did not raise same. However in *In re Griffin's Estate, supra,* the court specifically said:

"At the outset we are faced with the question of whether the county court, in settling the estate and determining the heirs of Mr. Griffin, had jurisdiction to determine this issue in a contest between Mrs. Dohner, mother and sole heir of Mrs. Griffin, and the administrator of the estate of Mr. Griffin and his six brothers and sisters. *The parties do not raise this question, but since it relates to the jurisdiction of the court over the subject matter, it cannot be waived and it is our duty to consider it.* . . .

"It is well settled that the county court in the exercise of its probate jurisdiction is without authority to try title to property as between the administrator or heirs of decedent and third persons. . . . And since the jurisdiction of the district court in a probate cause is appellate only, it has no such jurisdiction in such an appeal. . . . We are not here concerned with the right of the district court to determine heirship under 84 O.S.1941 § 257." (emphasis ours)

In the present case it appears to us that since Mr. Lindell (appellee) was not only the grantor of the deed but also the surviving spouse of the deceased joint tenant, and

because appellant is the daughter of the deceased and the surviving joint tenant of the deed that we have a controversy between the heirs without a third party being involved, hence falling within the language of *Kizziar, Woodward,* and *Griffin.* We therefore conclude that the trial court correctly ruled appellant held the property in trust for appellee.

We feel compelled to point out herein the necessity for settling the law for practical reasons regarding a district court's being unable in one capacity to decide an issue that the same judge could decide while sitting in another capacity. In Oklahoma, after court reform, as pointed out in *Duke,* the district court was conferred with unlimited original jurisdiction in all justiciable matters except as was otherwise provided by law. We can see no law or logical reason why a district court in Oklahoma cannot determine all of the issues in a case without the necessity of at least two separate actions being filed, that is, (1) a probate proceeding, and (2) an action to determine title. Any other procedure appears to be somewhat inconsistent. For example, on the one hand it appears that the district court must sit in dual capacities because there is a probate proceeding and an action to determine title, whereas on the other hand, if the court in a probate proceeding admits or denies a will to probate no appeal is taken to the district court as in the past, but it goes directly to the appellate court. It is clearly the law in Oklahoma that the district court is the successor to the jurisdiction of all other trial courts which included the county court, and therefore has jurisdiction to determine all of the issues in one capacity. This of course would do away with the necessity of filing two separate lawsuits involving two separate sets of notice, hearings, and responsive pleadings.

As we see it, the only possible rationale for the cases which conclude that the district court must sit in a dual capacity—that is, hear two separate lawsuits—is because originally there were two separate courts which now have become one. Yet, to follow the reasoning in *Jones, Duke,* and *Kizziar,* the court cannot sit as one court but still has to sit as two. Why a judge must hear only one part of a case and, before hearing the remaining issues of the case or additional issues, he or she must get up and walk across the hall to another court escapes us. We find nothing in the statutes nor has anything been called to our attention which makes such a procedure mandatory for the same trial judge to change chairs depending upon the type of action or actions pending before the court. This seems to go against the very letter and spirit of the statutory court reform in Oklahoma. We are not unmindful of the fact that in numerous cases throughout the state of Oklahoma trial judges will consolidate the two proceedings to resolve all of the issues by one set of hearings.

Affirmed.

BRIGHTMIRE, P. J., and NEPTUNE, J., concur.