In the Matter of the ESTATE OF W.F. JECH, Deceased.

William E. RICHARDS, a/k/a Bill Richards, Individually and as Administrator of the Estate of Alice Hughs Jech, Appellant,

v.

Blanche V. POWELL and Alfred J. Jech, Co-Executors of the Estate of W.F. Jech, Deceased, Appellees.

No. 62104.

Court of Appeals of Oklahoma, Division No. 1.

May 14, 1985.

Released for Publication by Order of the Court of Appeals June 14, 1985.

Thom and Hendrick, P.C. by Michael W. Thom and Gaillynn Boles Brooks, Oklahoma City, for appellant.

Baker, Logsdon & Schulte by Thomas E. Baker, Kingfisher, for appellees.

REYNOLDS, Judge:

Sole issue preserved for appeal is whether appellant is a "person interested in the estate" within the meaning of 58 O.S.1981 § 554 and as such entitled to be heard in opposition to the final account, determination of heirship, and distribution of estate. Parties agree there is no Oklahoma decision on point and our research discloses none. Section 554 provides:

> On the day appointed, or any subsequent day to which the hearing may be postponed by the court, any person interested in the estate may appear and file his exceptions in writing to the account, and contest the same.

Decedent's will, admitted to probate without objection, specifically states that appellant is to receive no part of the estate. Appellant concedes he is not an heir, legatee, or devisee of the estate. Further, it is apparent that decedent does not claim to be a creditor of the estate, as he failed to file a claim against the estate pursuant to 58 O.S.1981 §§ 331–354, even though he entered his appearance in the probate proceeding more than two months before the bar date for filing creditor's claims. Appellant's interest in the estate, if any, rests solely upon appellant's allegation that he has instituted a separate civil action in the district court concerning unspecified property of the estate.

Appellant has failed to designate as part of the record on appeal the pleadings of his separate civil action. Therefore, we do not know the specific allegations of appellant's separate civil action. However, appellant does refer to his separate civil action in his brief-in-chief. Appellant indicates his separate civil action currently contains two causes of action. The first cause is brought by appellant in his individual capacity. Appellant seeks to impose a constructive trust on unspecified property of the estate based upon an alleged breach of contract by decedent. The second cause of action, brought by appellant as administrator of the Estate of Alice Hughs Jech, seeks to impose a resulting trust on unspecified property of decedent's estate. Appellant states that he intends to amend the petition of his separate civil action to include a third cause of action concerning an alleged partnership between decedent and Alice Hughs Jech to operate a farm.

Appellant is not an heir, legatee, or devisee of the estate, nor has he filed a creditor's claim, nor has he as yet obtained an independent judgment pursuant to his separate civil action. Instead, appellee seeks to recover from the representatives of the estate unspecified property upon the ground that it does not belong to the estate, but is in fact his own property (either in his individual capacity or as administrator of the Estate of Alice Hughs Jech). We hold appellant is a stranger to the estate and not a "person interested in the estate" within the meaning of 58 O.S.1981 § 554. Trial court correctly ruled that appellant is not entitled to be heard in opposition to the final account, determination of heirship, and distribution of estate.

As the law in Oklahoma now stands, an action to determine title to property as between representatives of the estate and a third party must be filed as a separate and distinct civil action rather than as an action within the probate proceeding. *Estate of Kizziar*, 554 P.2d 791 (Okl.1976); *Jones v. Tautfest*, 206 Okl. 380, 243 P.2d 1003 (1952); *Matter of Lindell's Death*, 573 P.2d 716 (Okl.App.1977); *Duke v. Nelson*, 536 P.2d 412 (Okl.App.1975). The reason is that historically, a county court, in the exercise of its probate jurisdiction, was without authority to try title to property as between the administrator or heirs of decedent and third persons. *Roach v. Roach*, 302 P.2d 121 (Okl.1956); *In re Griffin's Estate*, 199 Okl. 676, 189 P.2d 933 (1948). Jurisdiction in a case involving such an issue was vested in the district court. *Roach, supra.* With the amendment of Okla. Const. Art. 7 and the enactment of 20 O.S.1981 § 91.1 (both effective January 13, 1969), various trial courts, including the county court, were consolidated into the district court. Except as otherwise provided by Article 7, the district court was granted "unlimited original jurisdiction of all justiciable matters". Okla. Const. Art. 7, § 7(a). With the consolidation of the county court into the district court, it seems logical and economical to combine probate proceedings and actions to determine title to estate property into one pro-

ceeding. The Oklahoma Court of Appeals, Division No. 2, stated in *Matter of Lindell's Death, supra,* p. 720:

We feel compelled to point out herein the necessity for settling the law for practical reasons regarding a district court's being unable in one capacity to decide an issue that the same judge could decide while sitting in another capacity. In Oklahoma, after court reform, as pointed out in *Duke*, the district court was conferred with unlimited original jurisdiction in all justiciable matters except as was otherwise provided by law. We can see no law or logical reason why a district court in Oklahoma cannot determine all of the issues in a case without the necessity of at least two separate actions being filed, that is, (1) a probate proceeding, and (2) an action to determine title. Any other procedure appears to be somewhat inconsistent. For example, on the one hand it appears that the district court must sit in dual capacities because there is a probate proceeding and an action to determine title, whereas on the other hand, if the court in a probate proceeding admits or denies a will to probate no appeal is taken to the district court as in the past, but it goes directly to the appellate court. It is clearly the law in Oklahoma that the district court is the successor to the jurisdiction of all other trial courts which included the county court, and therefore has jurisdiction to determine all of the issues in one capacity. This of course would do away with the necessity of filing two separate lawsuits involving two separate sets of notice, hearings, and responsive pleadings.

As we see it, the only possible rationale for the cases which conclude that the district court must sit in a dual capacity—that is, hear two separate lawsuits— is because originally there were two separate courts which now have become one. Yet, to follow the reasoning in *Jones, Duke,* and *Kizziar,* the court cannot sit as one court but still has to sit as two. Why a judge must hear only one part of

a case and, before hearing the remaining issues of the case or additional issues, he or she must get up and walk across the hall to another court escapes us. We find nothing in the statutes nor has anything been called to our attention which makes such a procedure mandatory for the same trial judge to change chairs depending upon the type of action or actions pending before the court. This seems to go against the very letter and spirit of the statutory court reform in Oklahoma. We are not unmindful of the fact that in numerous cases throughout the state of Oklahoma trial judges will consolidate the two proceedings to resolve all of the issues by one set of hearings.

Avoidance of duplicative proceedings and conservation of precious judicial resources are worthy goals. However, as an intermediate appellate court, we are duty-bound to follow the judgment of the Supreme Court of Oklahoma as enunciated in *Kizziar, supra.*

Appellant next urges that if he is not allowed to contest the distribution of the estate, distributees might dispose of property allegedly subject to his constructive and resulting trusts, forcing appellant to bear the additional burden of tracing. It does not follow from our holding that appellant is left without adequate remedy. In hearing appellant's separate civil action, district court is vested with equitable powers. Courts of equity will interfere in the administration of estates where the powers of the courts of probate and their modes of procedure preclude them from doing complete justice. *Kizziar, supra.* It is not proper in this appeal to consider what form the equitable relief, if any be merited, could or should take. The equity court will afford appellant the relief, if any, to which he shows himself entitled.

Finally, appellant requests our review of two additional issues: (1) whether appellees were entitled to contest the objection made by appellant to the final account, determination of heirship and distribution of estate, and (2) whether appellant is "in any way interested in the estate" pursuant to 58 O.S.1981 § 556. We cannot address these questions because they are not properly before us. The record indicates these issues were never raised in the trial court, nor were they raised in appellant's petition in error. "A party to an appeal may not present matters on appeal which were not raised in the trial court." *Mills v. Mills,* 512 P.2d 143, 145 (Okl.1973). Generally, appellate court will not review allegations of error that are not raised in the petition in error. *Greene v. Circle Insurance Company,* 557 P.2d 422 (Okl.1976).

Judgment of trial court affirmed.

AFFIRMED.

ROBINSON, P.J., and HUNTER, J., concur.