Hazel **BRATTON**, Herbert J. Owens, Jr., Christopher B. Stevenson, Herman Pratt, Jr., Roscoe Edwards, Wendell Clytus, Marlene Peoples, Gerald Edwards and Gail E. Gresham, Appellees,

v.

Marie Louise **OWENS**, Appellant.

No. 70562.

Court of Appeals of Oklahoma, Division No. 1.

Feb. 20, 1990.

Rehearing Denied May 1, 1990.

Certiorari Denied July 3, 1990.

**424**

Lewis Barber, Jr., Oklahoma City, for appellant.

Frank W. Davis, Guthrie, for appellees.

## MEMORANDUM OPINION

GARRETT, Presiding Judge:

Appellant Marie Louise Owens is the second wife of Herbert J. Owens (Herbert), deceased. During their marriage, Herbert conveyed real property to himself and Appellant as joint tenants. Upon Herbert's death, Appellant filed a Petition to Determine Death of Joint Tenant. Notice by mail was given to Hazel Bratton, Inez Edwards and Herbert J. Owens, Jr., but not to the other plaintiffs. Notice was published in the newspaper as required by statute. On July 3, 1984, the court entered an Order Terminating Joint Tenancy. The order recites that no person appeared in opposition thereto, and findings were made by the trial court that the matters stated in the petition are true and Petitioner is entitled to the relief prayed for. It contains the following language: "It is further ordered, adjudged, decreed and determined that Marie Louise Owens is the survivor of said Joint Tenancy, and as such takes all the title under the terms of said deed hereinbefore referred to."

On August 27, 1984, Appellees Hazel Bratton, Inez Edwards, Herbert J. Owens, Jr., Christopher B. Stevenson and Herman Pratt, Jr., filed an action in district court against Appellant, alleging she was entitled only to one-sixth (⅙) interest in the property, and seeking to establish their ownership of the remaining ⅚ interest in the farm. They alleged: (1) the deed from Herbert to himself and Appellant was void because of Appellant's exercise of undue influence over him at the time of the conveyance; (2) Herbert was not of sound mind and was totally incapable of transacting business; and, (3) Appellant appears of record to be the owner of the property, but, because the deed was void, Appellant was entitled only to a ⅙ interest. They prayed for judgment cancelling the deed, determining the death of Herbert, determining his heirs, establishing the heirs' ownership of the property, and for costs.

On February 12, 1988, the trial court entered judgment setting aside the deed, upon a finding that Herbert was subject to undue influence by Appellant when he executed the joint tenancy deed on July 11, 1983. No determination of ownership of the property was made. On the first day of the trial, the purported will of Herbert was presented. The trial court did not admit it because: the parties were not apprised by the pre-trial order that the probate of Herbert's estate was being joined with the action to set aside the deed; because the statutory procedures for probate of a will had not been followed prior to the trial; because admission of the will could substantially change the Appellees' claim asserted under the laws of intestate succession; and because the admission of the will would unfairly surprise Appellant. It was ordered that the purported will be presented for probate to determine whether Herbert died intestate or testate.

Appellant contends that Appellees are barred by the doctrines of res judicata or collateral estoppel from bringing an action attacking the validity of the deed executed by Herbert. In this connection, she contends: all of the heirs received notice of the hearing to terminate the joint tenancy; they or their representatives were the same people who are before the court in the present case; and, they failed to contest title even though they had an opportunity to do so. Further, no appeal was taken.

▮ In hearing a petition to terminate a joint tenancy or life estate pursuant to 58 O.S.1981 § 911, the district court is a probate court and is not acting as a court of general jurisdiction. Probate is statutory.

The court's jurisdiction and proceedings are prescribed and limited by statute. See *Lowrance v. Patton*, 710 P.2d 108 (Okl. 1985); *Duke v. Nelson*, 536 P.2d 412 (Okl. App.1975).

■ Appellant contends the court had the power to determine title to the property in the proceeding for the judicial determination of death and termination of joint tenancy. She cites *Matter of Lindell's Death*, 573 P.2d 716 (Okl.App.1977) and § 911 for authority that title to property can be determined in probate proceedings if all parties involved are heirs. Appellees cite *Duke v. Nelson*, 536 P.2d 412 (Okl.App. 1975), and *In re Estate of Kizziar*, 554 P.2d 791 (Okl.1976), for authority that title cannot be determined in a probate proceeding.

In *Lindell*, supra, the Court of Appeals decided that title to property could be determined in a probate proceeding *if only the heirs of the deceased were involved*, as opposed to third parties. *Lindell* is distinguishable. Therein, the heirs filed an objection in the joint tenancy termination proceeding, and the issue was whether the trial court properly determined the property was held in trust for the appellee therein. The case does not address whether failure to raise the issue of validity of the deed before the probate court serves as a bar to raising the issue later in an action to cancel the deed. In other words, in *Lindell* the issue was whether the trial court had the power to do what it did. We note that no petition for certiorari was filed in *Lindell;* and, the Supreme Court has not given it "precedential authority".

In *Lowrance v. Patton*, supra, the Supreme Court quoted with approval from *Matter of Adoption of B.K.J.*, 639 P.2d 611, 614 (Okl.1982), regarding the jurisdiction of a district court, when acting as a probate court, as follows:

'The new Judicial Article [20 O.S.1981 § 91.1] did not abolish nor alter the distinction between various types of court actions whether established by common law or statutes. Probate proceedings are strictly statutory. *The purview of probate proceedings in Oklahoma will be the same in the District Court as they were in the County Court unless changed by statute.'* [quoting *Duke v. Nelson*, 536 P.2d 412, 413 (Okl.App. 1975)]. (emphasis added).

710 P.2d at 112.

§ 911, supra, relating to termination of life estates and estates in joint tenancy, provides, in pertinent part, as follows:

Upon hearing of such petition being had, the court shall hear the evidence and proof of death, and shall make and enter an order and decree determining the fact of the death of such ... joint tenant, ... and the termination of the ... joint tenancy in said real property, ... a certified copy of which decree shall be filed in the office of the county clerk of the county in which said real property or any part thereof is situated.

*Such order or decree shall, upon entry, be conclusive of the facts therein found as to all purchasers, encumbrancers or lienors of said real estate acquiring their titles, encumbrances or liens in good faith, relying upon said decree.* (Emphasis supplied.)

This statute does not provide that the title to the real property involved will be determined at that proceeding, or that any person claiming any interest in the property must object at that time or lose the opportunity to do so. Also, § 911 does not contain any provision making the authorized order or decree "conclusive of the facts therein found" as to heirs or claimants other than those enumerated therein. The jurisdiction conferred on the probate court by § 911 is to determine the death of the joint tenant and the termination of the joint tenancy. The statute does not mention possible defects in title.

■ Under the doctrine of res judicata, or claim preclusion, when a final judgment has been rendered on the merits by a court having jurisdiction, a subsequent suit between the same parties on the same cause of action is barred. See *Veiser v. Armstrong*, 688 P.2d 796 (Okl.1984); *Bruce v. Miller*, 360 P.2d 508 (Okl.1961). The action filed by Appellees herein is not

barred by the doctrine of res judicata, or claim preclusion. In the proceeding to terminate joint tenancy, the court did not determine title or consider whether the deed should be set aside on the basis of undue influence. The failure of Appellees to raise the issues in the former proceeding, brought by Appellant under 58 O.S.1981 § 911, did not preclude them from filing the action which is now before us on appeal. To hold otherwise would be to confer jurisdiction on the probate court which is not authorized by the controlling statute.

In the instant case, Herbert married Appellant in 1953. In 1981, Herbert suffered a stroke and his condition deteriorated until his death in 1984. He became dependent upon Appellant for his care, transportation and physical needs, such as giving him his medication, helping him to move about and bathing him. Hazel Bratton (Hazel), one of Herbert's daughters, testified that in May, 1983, Herbert told her that Appellant was trying to take his property in that she wanted her son to buy it. He told her that he had put Appellant's name on the deed, but that it would not affect his heirs' receiving their part of it. Hazel said she believed it was his intention at that time that his heirs were entitled to their part of it. Inez Edwards (Inez), another daughter of Herbert who died during the pendency of this action, testified by deposition, stating, that Appellant said Herbert depended upon her to the point that whatever she said for him to do, he would do it. Her testimony also shows that Herbert told her he understood that Appellant's name on the deed would not affect his children receiving their part of the farm as his heirs. Roscoe Edwards, husband of Inez, testified that Herbert stated Appellant "was after him to change his Will, and he didn't want to." When asked what changes Appellant wished Herbert to make, Roscoe said, "Well, he,—I heard him say on occasion that she wanted him to change his Will so that her children would inherit more." Anna Jenkins, the wife of Herbert's cousin, testified that Appellant told her she wanted her name on the deed, that she had lived with him for thirty years and his dead wife's name had been on the

deed all of that time, and "she wanted her name on that because she was his live wife." Anna also testified that she did not want Herbert to visit his children, or for his children to visit him. The evidence shows that Appellant drove Herbert to the attorney's office and was there when the subject was discussed. However, she was not present when the deed was executed.

Appellant contends that there was no evidence that she dominated Herbert's will or unduly influenced him to execute the joint tenancy deed. She points to evidence, through testimony of the attorney who prepared the deed, that Herbert understood the consequences of his actions and was of sound mind at the time of the deed's execution. She also refers to the testimony of Herbert's physician, Dr. Cooke, that it was his opinion that Herbert was of sound mind and capable of transacting business on or about July 11, 1983, the date of the deed. The doctor had seen Herbert both before and after the deed was executed.

The trial court found that Appellees failed to establish that Herbert lacked mental capacity at the time of the execution of the deed, but that Herbert was subject to the undue influence of Appellant; that she had an opportunity to exercise undue influence over Herbert; that she had a disposition to exercise undue influence upon him in regard to the deed in question; that a confidential relationship existed between Appellant and Herbert, raising a presumption of undue influence, shifting to the grantee the burden of proof to refute the presumption and to show the absence of fraud or undue influence; and that the deed in question appeared to the be the result of the undue influence. The trial court also noted that Appellant had denied, in her deposition, knowing about a Will made in May, 1983, but admitted at the trial that she knew of the Will, having been present when it was made; and that the consideration of $10.00, purportedly given by Appellant in exchange for the deed, was totally inadequate for the property, a 155-acre farm.

The trial court based its ruling on the finding of a confidential relationship be-

tween Appellant and Herbert and the resulting change in the burden of proof. It is unnecessary to decide whether that finding was correct. The trial court found that Herbert was of sound mind. The attorney who prepared the documents testified that Herbert was of sound mind, he signed the deed in Appellant's absence, and he understood the consequences of his actions. Herbert's physician testified that Herbert was of sound mind and capable of transacting business both before and after the date on which the deed was executed. This evidence would be sufficient to overcome a presumption of undue influence, even if it did exist, and to shift the burden of proof back to the Appellees. There was no evidence of any act of undue influence.

■ This is an equitable action. Where the judgment of the trial court is clearly against the weight of the evidence or contrary to law, an appellate court will reverse the judgment or decree or render or cause to be rendered such judgment and decree as the trial court should have rendered. *Roberts v. Humphreys*, 356 P.2d 370 (Okl. 1960). We find the judgment of the trial court to be clearly against the weight of the evidence.

It becomes unnecessary to consider the other contentions of the parties.

REVERSED AND REMANDED with directions to enter judgment denying the relief sought by Appellees.

HUNTER, V.C.J., and MacGUIGAN, J., concur.